## McCAULEY v. FIRST TRUST & SAVINGS BANK.

(Circuit Court of Appeals, Seventh Circuit. June 24, 1921.)

### No. 2823.

1. **Injunction ☞221—Binding on strangers to suit only after actual notice.**

Under Act Oct. 15, 1914, § 19 (Comp. St. § 1243c), a stranger to the suit in which an injunction is issued must have actual notice of the injunction before he can be adjudged guilty of contempt for its violation.

2. **Contempt ☞54(4)—Motion of party not ground for punishment of stranger for criminal contempt.**

Motion of a party to a civil suit is not a basis for punishment of a stranger to the suit for a criminal contempt.

In Error to the District Court of the United States for the Northern Division of the Southern District of Illinois.

John McCauley brings error from an order, made on motion of the First Trust & Savings Bank, sentencing him to imprisonment for criminal contempt for violation of an injunction. Reversed.

M. D. Owen, of Chicago, Ill., for plaintiff in error.
Frank T. Miller, of Peoria, Ill., for defendant in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

BAKER, Circuit Judge. McCauley was sentenced to six months' imprisonment for contempt of court.

First Trust & Savings Bank, as trustee for bondholders of Keystone Steel & Wire Company, obtained a preliminary injunction against the company to restrain it from failing to provide watchmen and guards and against certain labor organizations and numerous individuals to restrain them from interfering with the operations of the company's plant.

[1] McCauley was not a party to the cause. The bank filed a written motion in which it alleged that it "presents to the court the affidavits of Martin Keul, E. R. Church, John Van Norman, and Edward Randers relating to an alleged violation of the injunction by McCauley and moves the court that a rule be entered requiring McCauley to show cause why he should not be held for contempt of court." Rule was entered and citation served. McCauley demurred on the ground, among others, that nowhere in the motion, the affidavits, or the citation, was it charged that he had actual notice of the injunction. Congress has said (38 St. L. 738, 6 Fed. St. Ann. [2d. Ed.] 140 [Comp. St. § 1243c]) that injunctions "shall be binding only upon the parties to the suit, their officers, agents, servants, employees and attorneys, or those in active concert or participating with them and who shall, by personal service or otherwise, have received actual notice of the same." If McCauley's speeches as detailed in the affidavits should be considered as showing active concert with the strikers (concerning which we express no opinion), that would satisfy only half of the clause that pertains to strangers to the suit. A stranger who comes into active concert with

the enjoined must have actual notice of the injunction before he can be guilty of contempt. As the pleading on which the prosecution rested (counting the affidavits as parts thereof) failed to charge that McCauley had actual notice of the injunction when he made the alleged speeches, the demurrer should have been sustained.

[2] We note that the bank's pleading sought no civil remedy for itself through coercive punishment of the alleged contemnor, but, on the contrary, asked the court to vindicate its power and dignity as a branch of the government by assessing a definite punishment for criminal contempt. As soon as the trial court perceived the nature of the proceeding, the bank's pleading should have been dismissed as that of an incompetent party.

After McCauley's demurrer was overruled, he filed a verified answer in which he denied the charge of contempt and gave his version of the nature and purpose of his speeches. McCauley waived a jury, but he did not expressly waive a trial of the issues joined. Neither did he demand a trial,—meaning by that an opportunity to confront the prosecuting witnesses in open court and to cross-examine them and subsequently to introduce evidence in his defense. On the affidavits filed with the bank's barren motion, and on McCauley's answer as a counter affidavit, the court pronounced judgment. It may be said that McCauley waived his right to the trial he was entitled to demand. But the entry of the judgment on an examination of affidavits is such a serious departure from the due process guaranteed in criminal cases by the Constitution and the laws that we are reluctant to charge McCauley with an intent to waive a trial. But, as the judgment must be reversed on the grounds hereinabove stated, we pass the question of what effect should be given to McCauley's failure to object.

The judgment is reversed, with the direction to dismiss the proceeding.