## GALLIGAN v. UNITED STATES.
### DONOGHUE v. SAME.
(Circuit Court of Appeals, Seventh Circuit. April 13, 1922.)

Nos. 2914, 2918.

1. **Intoxicating liquors** ⬅279—One without knowledge of injunctional order not guilty of contempt for violation thereof.

One not a party to suit brought under National Prohibition Act, tit. 2, §§ 22–24, and without knowledge of the injunctional order issued in such suit, is not guilty of contempt for violation of such order.

2. **Intoxicating liquors** ⬅279—Affidavit charging contempt for violation of injunction against maintenance of liquor nuisance held insufficient.

Complaint in contempt proceedings for violation of injunctional order issued in equity suit, brought under National Prohibition Act, tit. 2, §§ 22–24, reciting that affiant saw liquor sold on certain date at the defendant's place of business, and that he had been informed that the defendant had sold such premises after the issuance of restraining order on a specified date, a date prior to that on which he had stated that he had seen liquor sold, *held* insufficient, since the sale of the liquor took place after the sale of the premises, and the sale of the premises was not in itself a violation of the injunction.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Jack Galligan, alias Tony Serrtello, and William F. Donoghue were adjudged guilty of contempt of court for violation of an injunctional order, and they bring error. Reversed as to both plaintiffs in error.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Benjamin P. Epstein, of Chicago, Ill., for plaintiffs in error.
C. W. Middlekauff, of Chicago, Ill., for the United States.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. The two above-entitled writs of error were submitted together and will be disposed of in one opinion.

Plaintiff in error in No. 2914 was adjudged guilty of contempt of court and given a jail sentence, while like punishment was pronounced against William F. Donoghue, plaintiff in error in No. 2918. The proceedings are founded upon the same injunctional order, which was issued in an equity suit brought under and by virtue of title 2, §§ 22–24, of the National Prohibition Act (41 Stat. 314, 315). In that equity suit the United States was complainant, and Jack Galligan, alias Tony Serrtello, and John Doe were defendants.

[1] It is unnecessary to take up the numerous assignments of error in No. 2918, for the reason that one of them, going to the merits of the case, must be sustained. In other words, plaintiff in error Donoghue asserts that he had no knowledge of the existence of the restraining order which it is claimed he violated. Our examination of the testimony convinces us that he is correct in the statement that the record is barren of any proof showing or tending to show that he had knowledge of this order. He was not a party to the suit. The order was not served upon him, nor do we find any evidence that would support a finding that he knew of its existence, much less of its terms. Under these circumstances he cannot be found guilty of contempt. McCauley v. First Trust & Savings Bank (C. C. A.) 276 Fed. 117; Garrigan v. U. S., 163 Fed. 16, 89 C. C. A. 494, 23 L. R. A. (N. S.) 1295.

[2] In No. 2914 the affidavit or complaint in the contempt proceedings is insufficient in various respects, and fails to meet the requirements prescribed by the Supreme Court in Gompers v. Buck's Stove & Range Co., 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874. After charging the issuance of a restraining order in an equity proceeding wherein Jack Galligan was defendant, the affiant or petitioner says:

"Affiant further states that on December 8, 1920, he visited the place of business of the defendant herein at 61 West Harrison street, and there saw that liquor was being sold to customers, who were consuming the same, and that there was, on the premises and in the possession of the said defendant, certain intoxicating liquor, consisting of six quarts of bottled whisky and three pints of bottled whisky, also a quantity of beer, all of said liquor containing more than one-half of 1 per cent. Affiant further states that he has been informed that the aforesaid defendant has made a sale and transfer of all the property situated on the premises at 61 West Harrison street on December 4th, which date was after the service of the temporary injunction and restraining order heretofore entered in the above-entitled cause."

In other words, it appears that the defendant Jack Galligan, who was the owner or occupant of the premises which were the subject of the restraining order of November 24, 1920, sold the premises December 4, 1920; that on December 8, 1920, or four days after the defend-

ant had disposed of the property, the alleged violation of the injunctional order occurred. In other words, the very allegation of the sale of the property on December 4th negatives any unlawful participation by Galligan in the sale of liquor on the 8th. In fact, it seems to have been the theory of the government that, the injunctional order having been entered while Galligan was in possession of the premises in a suit wherein Galligan was the defendant, a violation of the order occurred when Galligan sold the premises. The injunctional order did not prohibit the sale of such premises, and we are not called upon to determine whether the court would be justified in entering or authorized to enter an order restraining the owner from selling the premises. Of course, the sale would be subject to the outstanding injunctional order restraining the maintenance of a nuisance upon the premises, etc.

The complaint is fatally defective in not charging the defendant Galligan with having personally violated the order. The pleader should bear in mind that criminal contempt proceedings are criminal in character, and the pleadings judged by the rules laid down in the case of Gompers v. Bucks Stove & Range Co., supra. Nowhere in the affidavit was the defendant Donoghue mentioned. Nowhere was there any indication that criminal contempt proceedings were being sought.

No relief of any kind is prayed. Nowhere does it appear that either of the plaintiffs in error had anything to do with the sale of the intoxicating liquor on the 8th. In fact, it does not appear that they knew that such sale was made.

It is unnecessary to take up various other assignments of error, for we are satisfied that the proceedings must fail for want of a sufficient petition to present the necessary issues in contempt proceedings.

The judgment as to both plaintiffs in error is reversed.