## KUBIK v. UNITED STATES.
### No. 9214.

Circuit Court of Appeals, Eighth Circuit.
March 15, 1932.

Eugene D. O'Sullivan, of Omaha, Neb. (Charles J. Southard and J. R. Lones, both of Omaha, Neb., on the brief), for appellant.

Edson Smith, Asst. U. S. Atty., of Omaha, Neb. (Charles E. Sandall, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb., Robert Van Pelt, Asst. U. S. Atty., of Lincoln, Neb., and Lawrence I. Shaw, Asst. U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before STONE and VAN VALKENBURGH, Circuit Judges, and SANBORN, District Judge.

VAN VALKENBURGH, Circuit Judge.

Appellant, defendant below, was tried upon an information containing but one count, which charged contempt of court in violating a temporary injunction issued under section 22, title 2, of the National Prohibition Act (27 USCA § 34). He was found guilty and sentenced to imprisonment for a period of four months. From this judgment he appeals. The information filed by the United States attorney for the district of Nebraska recites that on the 17th day of March, 1931, he filed in the court for that district a bill in equity against lot 2, block 59, in South Omaha, Douglas county, Neb., and appellant herein, with others, for the purpose of enjoining and abating a public and common nuisance as defined in section 21, title 2, of the National Prohibition Act (27 USCA § 33); that on that day the court entered an order restraining and enjoining the defendants named in said information, including appellant, their agents, servants, employees, and all other persons, from manufacturing, possessing, keeping, selling, and bartering any intoxicating liquor upon the premises above described. This order was served upon appellant March 19, 1931. The information further alleges that on or about the 23d day of March, 1931, while said injunctive order was in full force and effect, and in the above-described premises, appellant had in his possession a quantity of intoxicating liquor fit for beverage purposes, contrary to and in contempt of said order. This information was attacked neither by motion nor by demurrer. It was verified by the assistant United States attorney and supported by the affidavit of Harry W. Beitz, federal prohibition agent, as follows: "That on the 24th day of March, 1931, John and Tillie Kubik did have in their possession at the soft drink bar and tavern located on the first floor of a two-story stucco building located at 4410 South 27th Street in Omaha, Douglas County, Nebraska, a certain quantity of intoxicating liquor, to-wit: about one-half pint of salvaged liquor and one ounce of whiskey."

Appellant, defendant below, entered his plea of not guilty, and the trial proceeded before the court. The testimony of the government agents was that when they visited these premises in the afternoon of March 23d they found the doors locked; upon gaining admission at the rear door, the man in charge called out "Law" and "Dump," or words to that effect. The agent Beitz saw a woman, afterwards identified as Mrs. Kubik, running toward the bar, where she picked up a glass and threw it towards the sink. Some whisky remained in the bottom of this glass, and some liquor was salvaged from the sink. When the agents entered this room there were several customers present, and appellant was in the bar room, coat off, and apron on. He rushed at once toward what is termed a back room; and, when asked why he did this by an agent who followed him, he said he went there to take his apron off. These substantive facts are gathered from the testimony of the three agents who entered the place on the day in question. Appellant, who was the only witness offered for the defense, denied the possession of liquor, and that he was in the bar room or wore an apron when the officers entered.

 The first point urged in brief and argument is that the information is insufficient in law to support the judgment. Upon its face the information is good. Because it states that the act in contempt of the court's order was committed "on or about the 23rd day of March, 1931," and the affidavit of the prohibition agent, filed in support of the information, fixes the date as March 24th, a fatal variance is urged. We do not think it necessary to consume time or space with this contention. Attention is called to the allegation that the court's order, following the terms of the bill in equity, enjoined appellant from possessing intoxicating liquor on the premises therein described as "Lot 2, Block 59, South Omaha, Douglas County, Nebraska," while the affidavit of the prohibition officer specifies a "two-story stucco building located at 4410 South 27th Street in Omaha, Douglas County, Nebraska." It is also contended by counsel for appellant that the failure of the record to show a formal introduction in evidence of the petition for injunction and the injunctional order invalidates the judgment through failure of proof.

At the beginning of the contempt hearing the court made the following statement: "The court has before it the petition for injunctional order, also the injunctional or-der and the proof of service thereof on the defendant John Kubik. There has been a plea of not guilty entered. We will hear the testimony."

Thereafter, the case proceeded without objection or other action taken by the defendant based upon the omission to make formal introduction of these papers. They were treated by both parties as before the court. The decision of this court in Rossi v. United States, 293 F. 896, is controlling upon this point. The same principle applies to the alleged variation in the description of the premises involved. Prohibition Agent Beitz was the first witness introduced by the government. This colloquy ensued:

"The Court: What do you know about this charge here, Mr. Beitz?

"A. On the day in question—

"The Court (Interrupting): That is to say, on the 23d day of March?

"A. Yes, in the afternoon—

"The Court (Interrupting): About one o'clock in the afternoon, was it?

"A. Yes, sir. Agent Cook and myself entered the rear door of the John Kubik, soft drink parlor—

"By Mr. Smith:

"Q. (Interrupting) That is the soft drink parlor at 4410 South 27th Street, Omaha, Douglas County, Nebraska? A. Yes, sir.

"The Court: That is a kind of a dwelling house on one end of the lot and a soft drink parlor and rooming house on the other end, a two-story building?

"A. 4410 is a two-story stucco building, what Mr. Kubik calls a tavern. It has the soft drink bar and some rooms down below and some vacant rooms above.

"The Court: Well, we have had the place described here a good many times. You may tell us what occurred."

Throughout the hearing the identity of the premises was accepted and treated as established. In the brief of appellee the petition for injunction, injunctional order, and proof of service thus stated to be before the court and deemed to be in evidence are supplied. In the petition the property is thus described: "Lot 2, Block 59, South Omaha, Douglas County, Nebraska, which said premises are located at 4410 South 27th Street, Omaha, Douglas County, Nebraska, and are being used as a soft drink parlor by the defendants, George Kubik and John Kubik."

In the injunctional order, the description is as follows: "Lot 2, Block 59, South

Omaha, Douglas County, Nebraska, known as 4410 South 27th Street."

There can be no doubt that the court and all parties concerned were entirely familiar with the situation, and that the case was tried with that understanding. In this respect the remark of the court in connection with some proceedings at the close of the case is informative: "I get so tired of hearing about that 4408 and 4410, and I know it is all just a liquor joint down there".

In view of all the foregoing, the language of the court in Schwartz v. United States (C. C. A. 4) 217 F. 866, 868, a case involving a situation altogether similar, has direct application: "There is no fixed formula for contempt proceedings, and technical accuracy is not required. It is sufficient if the offense is set out, so that the defendant is clearly informed of the charges against him. * * * To reverse the judgment on this ground would be carrying technicality to the point of extreme attenuation."

The evidence was clearly ample to support the judgment. Furthermore, appellant failed to move for a directed verdict upon any ground at the close of all the testimony, and his right to a review of the sufficiency of the evidence was, therefore, not preserved. Edwards v. United States (C. C. A. 8) 7 F.(2d) 357, 359.

We have carefully considered all the points urged for a reversal of this case. We find no reversible error, and the judgment, accordingly, is affirmed.