## NEW YORK TRUST CO. v. WATTS-RITTER & CO. et al.

### No. 3256.

Circuit Court of Appeals, Fourth Circuit.

April 12, 1932.

Jesse E. Waid, of New York City, and E. A. Bowers, of Elkins, W. Va. (White & Case and Carlos L. Israels, all of New York City, on the brief), for appellant.

D. H. Hill Arnold, of Elkins, W. Va., and James A. Meredith, of Fairmont, W. Va. (K. C. Moore, of Fairmont, W. Va., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and HAYES, District Judge.

NORTHCOTT, Circuit Judge.

Bertha Consumers' Company, hereinafter called the "Company," is a Pennsylvania corporation, and, prior to the receivership referred to below, maintained and operated extensive coal mining properties in the states of Pennsylvania, West Virginia, and Kentucky. On or about June 1, 1924, it executed its first mortgage and deed of trust, hereinafter called the "Mortgage" to the New York Trust Company, as trustee (appellant), to secure an authorized issue of $2,000,000 of first mortgage bonds.

Upon the application of two of its general creditors, to which the Company consented, the Company was placed in receivership in the United States District Court for the Western District of Pennsylvania, by order of said court, dated March 5, 1928.

The same creditors filed their ancillary bill of complaint in the District Court of the United States for the Northern District of West Virginia, on March 8, 1928, the Company being sole defendant, and simultaneously therewith there was filed a so-called "Waiver and Consent" of the New York Trust Company, as trustee, reading as follows:

"The New York Trust Company, Trustee under the First Mortgage of the Bertha Consumers Company, dated June 1st, 1924, hereby waives notice of an application for the appointment of a receiver or receivers in the above entitled suit, in the above entitled Court, and consents that the said application for the appointment of receivers may be heard without further notice to it.

"Dated, March 2, 1928

"The New York Trust Company, Trustee under the First Mortgage, dated June 1st, 1924, of the Bertha Consumers Company, by B. G. Curtis, Vice-President."

By its order entered March 8, 1928, that District Court appointed ancillary receivers, reciting in the order that: "This cause came on to be heard upon the bill and answer of the defendant thereto, and upon the appearance and waiver of notice and consent to the appointment of the Receiver by The New York Trust Company, Trustee, all of which are ordered filed ⌐ * *."

The appellant was not named as a party in the pleadings in either suit and process was not served upon it. Appellees contend, however, that it became a party to the suit for the appointment of ancillary receivers by the filing of the waiver of notice, which, it is contended, constituted a general appearance in that suit. Said receivers were authorized to operate said coal company, but by paragraph 8 of said decree the expenditures for operation were limited to only such sums of money as would come into their hands. Said decree contained no limitation upon the expenditures that should be made by the receivers in preserving the property, and the primary object of said suit was claimed to be the preservation of the property.

The receivers and ancillary receivers continued to conduct the business of the company for some two years. The ancillary receivers in the Northern District of West Virginia incurred substantial debts and operating losses. They are indebted, inter alia, to the appellee Monongahela West Penn Public Service Company.

By an order entered May 24, 1930, the court directed the receivers to cease operation of the mines, and in the order the court recited that "as well came New York Trust Company, a corporation, as Trustee under the said defendant's First Mortgage." By its further order entered June 2, 1930, the court by express direction corrected its order of May 24, 1930, and struck therefrom the statement "as well came New York Trust Company, a corporation, as Trustee under the said defendant's First Mortgage."

On September 17, 1930, appellant filed its special appearance to contest the jurisdiction of the District Court over it or over its interest in the property described in or covered by the Mortgage, upon the grounds:

"First: That it has heretofore never appeared in this cause, either generally or specially, has never consented to the receivership existing in this cause, is not a party thereto, and has never participated in any of the proceedings in this cause.

"Second: That the statutory requirements necessary to obtain jurisdiction in this cause over it or over its interest in said mortgaged property have never been performed or fulfilled."

Appellant further moved the District Court to expunge and remove from the order of March 8, 1928, the recital that it had appeared and consented to the appointment of receivers, and requested the entry of a supplemental order expressly finding and adjudicating that appellant had never theretofore appeared in the cause nor consented to the receivership. Simultaneously therewith, appellant filed its notice of motion and peti-

1014

tion for leave to foreclose the Mortgage by suit separate from and independent of the pending proceedings, and annexed thereto its proposed ancillary bill of complaint.

Appellant's petition to correct the order of March 8, 1928, and to institute a suit "independent and separate from this proceeding," was denied, but the right of appellant to institute proceedings to enforce its lien in the pending suit was not denied.

During the interim between the appointment of the receivers and the filing of this petition, the receivership had contracted a large amount of indebtedness, some part of which must necessarily have been preservation costs and some part operating costs. Appellee Monongahela West Penn Public Service Company had furnished power to the receivership. It had filed its several petitions seeking collection of its power bills (one on March 28, 1930, and one on May 2, 1930), or, failing in that, the right to disconnect and refuse to furnish power to the receivership. On May 10, 1930, the court refused to permit appellees to discontinue its service, but such right was subsequently given on May 24, 1930.

On June 2, 1930, Brock and Courtney, claiming to have a first lien on a large portion of the properties involved in the receivership, and that said lien took priority over the mortgage of appellant, filed their petition seeking foreclosure in the receivership suits, and on said date the District Court entered an order referring said receivership proceedings to a special master in equity to ascertain and report all liens upon the property and the indebtedness of the receivers.

In the proceedings in the court below appearance was entered for a bondholder's protective committee representing the holders of the bonds secured by the deed of trust, in which appellant was named as trustee. Whether all of the bondholders were represented by this committee is not shown by the record.

■■ The first question to be considered is whether there was a general appearance by the appellant trustee. The order of the court recites that the order appointing the ancillary receivers was entered " * * * upon the appearance and waiver of notice and consent to the appointment of the receiver by The New York Trust Company, Trustee * * *." While promptly (within nine days) on June 2, 1930, an order, entered on May 24, 1930, reciting trustee's appearance, was corrected, yet no such action was attempted to be taken as to the order of

March 8, 1928, until September 17, 1930, a period of over eighteen months. During this period the trustee must have known, or by the slightest inquiry could have known, of the recital of its appearance and consent. Admittedly having notice of the application to appoint the ancillary receivers, as shown by its waiver, it certainly was its duty as trustee to keep informed as to the result of the application. That the appellant did keep informed as to the various steps taken in the suit is properly to be inferred from the record. The inference is irresistible that the trustee knew of the result of the application and must have had knowledge of the terms of the order of March 8, 1928. It is not necessary to cite authority to the effect that appellant is chargeable with knowledge it could have acquired by proper inquiry, which inquiry it was its duty to make.

The appellant, having knowledge of the appointment of the receivers, and the fact that the order appointing them recited its appearance and consent, and the further fact that the receivers had taken over and were preserving as well as operating the properties of the Company and were necessarily incurring expense in so doing, stood silent for a long period without protesting.

Appellant only attempted to avoid the consequences of the receivership and enforce its lien after it had become known that the receivership would not accomplish the hoped-for result of saving the business of the Bertha Consumers' Company as a going business.

■■ It has always been a settled principal of equity that "one who remains silent when he should have spoken will not be heard when he should be silent." Charles L. Hayward v. Eliot National Bank, 96 U. S. 611, 24 L. Ed. 855; United States v. Shrewsbury, 23 Wall. 508, 23 L. Ed. 78.

This doctrine is especially applicable where, as here, the appellant must have known that material expense was necessarily being incurred. Close v. Glenwood Cemetery, 107 U. S. 466, 2 S. Ct. 267, 27 L. Ed. 408; Roberts v. Northern Pacific R. Co., 158 U. S. 1, 15 S. Ct. 756, 39 L. Ed. 873; Simmons v. Burlington, C. R. & N. R. Co., 159 U. S. 278, 16 S. Ct. 1, 40 L. Ed. 150; O'Brien v. Wheelock, 184 U. S. 450, 22 S. Ct. 354, 46 L. Ed. 636.

"Where a person advisedly remains inactive for a considerable time, or by his conduct induces another to believe that he will not question a transaction, and that other, relying on such attitude, incurs material ex-

penses, such person is estopped from impeaching the transaction to the other's prejudice." F. E. Tallman et al. v. A. M. Cunningham, Trustee (W. Va.) 161 S. E. 22.

The appellee Monongahela West Penn Public Service Company not only furnished the current for the operation of the mines, which necessarily included pumping them, but did so as to a part of its claim only after asking the court to be relieved from such furnishing.

The conclusion is inevitable that the appellant stood silent hoping for a successful outcome of the receivership, and only moved when it became certain that failure had resulted. Such a course is calculated to shock the conscience of a chancellor rather than meet with his approval, and raises the question as to whether it would amount to contempt.

The trustee by its conduct is estopped from denying that the recital in the order of March 8, 1928, is a verity, Simmons v. Burlington, C. R. & N. R. Co., supra, and the filing of the waiver, coupled with its conduct, in our opinion, constituted a general appearance. The holders of the bonds, or at least some of them, appeared in the suit and knew that the receivership was being operated, necessarily, at some expense.

There is still another reason why the order complained of was right in refusing to allow an independent suit to be instituted by appellant. The court below had possession of the property, and could, in the pending suit, adjudicate all questions in connection therewith, including all rights claimed by appellant. Why allow the bringing of an independent suit? Certainly the question was addressed to the sound discretion of the court below, and that discretion was not only not abused, but was soundly exercised.

As was said by Judge (afterwards Chief Justice) Taft in Continental Trust Co. et al. v. Toledo, St. L. & K. C. R. Co. (C. C.) 82 F. 642, it is the duty of the court to consolidate causes, where no one will be injured thereby. Here the action of the court below in requiring the whole matter to be adjudicated in the pending suit was proper.

It is also to be remembered that in the pending suit there were claims of prior liens on at least part of the property sought to be subjected to the deed of trust in which appellant was trustee.

There was no error in the decree of the court below, and it is accordingly affirmed.