## WOODSIDE et al. v. UNITED STATES.
## WOODSIDE v. SAME.
### Nos. 3297, 3298.

Circuit Court of Appeals, Fourth Circuit.

Aug. 1, 1932.

Hiram M. Smith, of Richmond, Va., for appellants.

William P. Boehmer, Asst. U. S. Atty., of Norfolk, Va. (Paul W. Kear, U. S. Atty., of Norfolk, Va., on the brief), for the United States.

Before PARKER and NORTHCOTT, Circuit Judges, and GLENN, District Judge.

NORTHCOTT, Circuit Judge.

Case No. 3297 is a suit in equity, brought by the United States against the appellants, under section 34, title 27, USCA, asking that they be enjoined from maintaining a nuisance, and is of that class known as "padlock" proceedings.

The premises involved are situated in Chesterfield county, Eastern District of Virginia, and consisted of a one-story building, erected and owned by appellant Woodside, and known as the "Tivoli Sandwich Shop." Woodside and Snead operated the business, and Clark and Adams, the other appellants, were employees. The appellants will be hereinafter referred to as the defendants.

The original bill of complaint was filed in open court on October 9, 1931. The bill itself was not verified, but filed with the bill, and attached thereto, though not formally made a part thereof, were the affidavits of H. J. Pfoff and W. H. Grose, federal prohi-

hibition agents. Thereupon the court entered a temporary injunction or restraining order, copies of which were served on the defendants. No process of subpœna was prayed for in the bill, and none was served.

Thereafter, on October 14, 1931, pursuant to notice given the United States attorney, the defendants appeared in open court and moved to dismiss the bill and dissolve the temporary injunction, on the ground that the bill was not verified, that the affidavits filed therewith were not properly a part of the bill, and that the bill was insufficient. The court refused to dismiss the bill, and also overruled the motion to dissolve the temporary injunction, and allowed the bill to be amended so as to make reference in the body of the bill to the affidavits filed therewith, and to incorporate the affidavits as a part of the bill. On October 21, 1931, by order of the court, the amended bill was filed. Of the filing of the amended bill the defendants had notice.

On January 4, 1932, the defendants appeared specially for the purpose of moving to dismiss the original and amended bills, because of a lack of jurisdiction, alleging that the defendants had never been properly brought before the court. This motion the court overruled, holding that the appearance of October 14, 1931, had been a general one, and amounted to a waiver of jurisdiction. The court then proceeded to hear evidence in the equity suit, and heard at the same time the evidence against one of the defendants, K. K. Woodside, on a charge of contempt for violating the injunction. On January 11, 1932, an order was entered finding for the plaintiff, continuing the injunction, abating the nuisance, and "padlocking" the premises for one year. The decree also provided that the government have a lien against the buildings located on the premises for all fines and costs assessed against the defendants, for violations of the National Prohibition Act committed upon said premises. From this action of the court this appeal was brought.

It is contended on behalf of the defendants that the court was in error in refusing to dismiss the bill and in holding the hearing of the evidence in the equity suit, and in the proceedings in contempt against Woodside together. We cannot agree with either contention.

■ The original bill was sufficient. Title 27, USCA, § 34, contains, among others, the following clause: "If it is made to appear by affidavits or otherwise, to the satisfaction of the court, or judge in vacation, that such nuisance exists, a temporary writ of injunction shall forthwith issue."

■ The original bill clearly filled the requirements of the act, but, should there be any doubt as to its sufficiency, the amended bill, filed on October 31, certainly complied with every requirement, and stands as though the original bill read as does the amended bill. Chesapeake & Ohio Ry. Co. v. Coffey (C. C. A.) 37 F.(2d) 320.

■ The appearance by the defendants on October 14, 1931, after notice to the United States attorney, was unquestionably a general one. Chesapeake & Ohio Ry. Co. v. Coffey, supra; Massachusetts Bonding & Insurance Co. v. Concrete Steel Bridge Co. (C. C. A.) 37 F.(2d) 695; New York Trust Co. v. Watts-Ritter & Co. (C. C. A.) 57 F.(2d) 1012.

■ The special appearance of January 4 came too late, and, in any event, would have been of no avail, as the motion was not based on proper grounds.

■ We fail to see how the defendants were in any way prejudiced by the court's hearing the evidence in the contempt proceeding against one of the defendants, Woodside, at the same time the evidence in the equity suit was heard. The contempt proceedings grew out of an alleged violation of the injunction issued in the equity suit. The entire evidence related to the same premises and the nature of the business there conducted, and the evidence relating to Woodside applied equally to both cases, and both properly came before the judge without a jury. The discretion vested in the trial court, as to the hearing of the evidence, was properly exercised.

It is admitted on behalf of the defendants that the evidence was more than sufficient to establish the fact that the premises in question were used in violation of the law, and that the court could have reached no other conclusion than that they constituted a nuisance as defined by the statute (title 27, § 33, USCA).

As we have seen, there is no merit in the technical questions raised, and the decree in case No. 3297 is accordingly affirmed.

■ Case No. 3298 is a prosecution for contempt against K. K. Woodside, one of the defendants in case No. 3297. On the 7th day of December, 1931, the United States attorney filed an information under oath, alleging that the said Woodside, during the month of November, 1931, did certain acts which were in violation of the temporary injunction. The court ordered his immediate

arrest, he was apprehended, gave bond, and on January 4, 1932, he appeared before the court for trial. The court on that date heard the evidence in both cases at the same time, and on January 13, 1932, entered an order finding that Woodside had willfully and knowingly violated the provisions of the restraining order entered on the 9th day of October, 1931, and adjudging him in contempt. Thereupon the judge sentenced the defendant to six months' imprisonment in jail and to pay a fine of $500, from which action this appeal was brought.

It is contended on behalf of the appellant that the court erred in hearing the evidence in the two cases at the same time, and in failing to enter an order consolidating the causes when they were in fact heard together.

The statute under which the action for contempt was brought is as follows (section 38, title 27, USCA): "§ 38. *Violation of Injunction as Contempt; Procedure; Punishment*. In the case of the violation of any injunction, temporary or permanent, granted pursuant to the provisions of this chapter, the court, or in vacation a judge thereof, may summarily try and punish the defendant. The proceedings for punishment for contempt shall be commenced by filing with the clerk of the court from which such injunction issued information under oath setting out the alleged facts constituting the violation, whereupon the court or judge shall forthwith cause a warrant to issue under which the defendant shall be arrested. The trial may be had upon affidavits, or either party may demand the production and oral examination of the witnesses. Any person found guilty of contempt under the provisions of this section shall be punished by a fine of not less than $500 nor more than $1,000, or by imprisonment of not less than thirty days nor more than twelve months, or by both fine and imprisonment."

An examination of the record convinces us that the proceeding for contempt was properly brought and proceeded with. As this court said in Schwartz v. United States (C. C. A.) 217 F. 866, 868: "There is no fixed formula for contempt proceedings, and technical accuracy is not required. It is sufficient if the offense is set out, so that the defendant is clearly informed of the charges against him."

Certainly the defendant was in no way prejudiced by the fact that the court heard the evidence in the injunction and the contempt cases at the same time. The issues were closely and intimately related, the defendant was represented by able counsel, both issues were heard by the judge, who reached separate opinions as to each, and the judgments as to each were independent.

The question as to the order in which the evidence should be heard was a matter within the discretion of the trial judge, reviewable only when the discretion was abused. Here there was no abuse, but the judge acted properly.

There was ample evidence to sustain the finding of the court below.

"The well-established principle is that in a case of criminal contempt the trial court must be convinced of the guilt of the accused beyond a reasonable doubt, but when there is evidence tending to show guilt the finding of fact by the trial court cannot be reviewed by this court. Bessette v. [W. B.] Conkey Co., 194 U. S. 324, 338, 24 S. Ct. 665, 48 L. Ed. 997." Schwartz v. United States, supra; Kubik v. United States (C. C. A.) 57 F.(2d) 477; Hill v. United States (C. C. A.) 33 F.(2d) 489.

The record shows no motion for a directed verdict, and the right to review the sufficiency of the evidence was therefore not preserved. Kubik v. United States, supra.

It is contended that defendant was entitled to a jury trial on the contempt charge. We do not think so. The statute says that "the court, or in vacation a judge thereof, may summarily try and punish the defendant." A jury trial is not provided for or even contemplated, and was not requested by the defendant. In the case of Donato v. United States (C. C. A.) 48 F.(2d) 142, 143, the court, citing a number of authorities, said: "In contempt proceedings, a defendant is not entitled to a trial by jury without statutory authority, and then only in the particular cases to which the statute applies. The provisions of sections 21 and 22 of the Act of October 15, 1914 [28 USCA §§ 386, 387], are not available in proceedings under section 24 of title 2 of the National Prohibition Act (27 USCA § 38)."

There are a number of assignments of error as to the admission of certain testimony, but they are not of sufficient merit to warrant discussion.

There was no error in the trial, the defendant was clearly proven guilty, and the judgment in case No. 3298 is accordingly affirmed.