**Isabelle KIENLE, as Administratrix of the Estate of Laura K. Ernst, deceased, Petitioner-Appellant,**

v.

**JEWEL TEA CO., Inc., d/b/a Jewel Food Stores, Defendant-Appellee.**

**No. 11393.**

United States Court of Appeals Seventh Circuit.

May 5, 1955.

See also D.C., 13 F.R.D. 234.

John J. Kennelly, Philip J. Carey, Chicago, Ill., for appellant.

A. R. Peterson, Owen Rall, Robert G. Schloerb, Chicago, Ill., for appellee.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff, as administratrix for the estate of Laura K. Ernst, deceased, prosecutes this appeal from an order dismissing her petition seeking a rule to show cause why defendants Jewel and another should not be held in contempt of the District Court. Defendant Jewel Tea Co., Inc., moves to dismiss on the premise that the petition below was grounded on alleged criminal contempt and that, therefore, plaintiff has no right to appeal.

The background for plaintiff's petition, briefly, is as follows. On April 16, 1951, plaintiff's decedent filed a complaint against defendant for damages for personal injuries allegedly sustained when decedent was struck by an "electric-eye" door at one of its food stores. A trial resulted in judgment in favor of the then plaintiff. We reversed, on the postulate that there was no evidence that the defendant was negligent, and remanded the cause. Ernst v. Jewel Tea Co., 7 Cir., 197 F.2d 881, certiorari denied 344 U.S. 918, 73 S.Ct. 346, 97 L.Ed. 707. On remand, the case was reassigned, on November 21, 1952, for a new trial. Meanwhile, on July 25, 1952, plaintiff's decedent filed a complaint in two counts in the Circuit Court of Cook County grounded on the same occurrence. The first count prayed judgment against the manufacturer of the door and the second, judgment against defendant. This cause was removed to the District Court and assigned for trial. On March 31, 1953, in consideration of the payment to her of $4,000, plaintiff's decedent executed a release of all claims against defendants. On April 2, 1953, on stipulation of the parties, separate orders were entered dismissing each cause with prejudice.

On June 10, 1954, after the death of Laura Ernst and plaintiff's appointment as administratrix for her estate, plaintiff sought and obtained leave to file the instant petition, in the original cause of action, alleging, in material part, that, prior to the first trial, an order for discovery had been entered by the District Court against defendant and a subpoena *duces tecum* issued to compel it to produce the names, addresses and statements of any eyewitnesses to the accident; that there were two such witnesses, who had, prior to October, 1951, when the cause was tried, given statements to defendant, and that defendant had failed and refused to comply with the said order and subpoena. The petition, as amended, prayed an order that defendants show cause why they should not be held in contempt and for certain affirmative relief, which, incidentally, is the subject matter of a new complaint now pending in the court below. Defendant was the only person mentioned in the amended prayer who had been party to the original suit. The only ground for reversal asserted is that the trial court erred in dismissing the petition.

It is obvious that no coercive relief was either sought or possible. The discovery order which defendant was alleged to have disobeyed was issued in a case which had been finally disposed of more than one year ago. It is not contended that the prayer of the petition was for other than a punitive judgment; indeed plaintiff asserts in her brief that she will gain nothing, regardless of what this court may decide relative to the contempt proceeding.

Thus petitioner sought to punish defendant for a past act which allegedly had been contemptuous of the court's authority. This was criminal contempt. Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797; Tobin v. Pielet, 7 Cir., 186 F.2d 886. The question before us, therefore, is whether a party who files a petition in the original cause asking the trial court to punish an act done during the pendency of that cause in contempt of the court's authority may appeal from an order dismissing his petition.

**100**

Traditionally the courts have held that criminal contempt proceedings are matters between the contemnor and the public. Gompers v. Buck's Stove & Range Co., supra; Carter v. United States, 5 Cir., 135 F.2d 858; Russell v. United States, 8 Cir., 86 F.2d 389. As the Supreme Court pointed out in the Gompers case, "Proceedings for civil contempt are between the orignal parties, and are instituted and tried as a part of the main cause. But, on the other hand, proceedings at law for criminal contempt are between the public and the defendant, and are not a part of the original cause." 221 U.S. at page 444–445, 31 S.Ct. at page 499. Mindful of this distinction, we reversed the conviction of an individual for criminal contempt on facts not dissimilar to those now before us. In McCauley v. First Trust & Savings Bank, 7 Cir., 276 F. 117, the bank, as trustee for bondholders of Keystone Steel & Wire Company, obtained an injunction restraining certain parties from interfering with the operation of Keystone's plant. On the bank's motion, supported by affidavits that McCauley had violated the injunction, the trial court issued a rule to show cause and, on the return thereto, adjudged him guilty of contempt of court. We reversed, saying, 276 F. at page 118: "We note that the bank's pleading sought no civil remedy for itself through coercive punishment of the alleged contemnor, but, on the contrary, asked the court to vindicate its power and dignity as a branch of the government by assessing a definite punishment for criminal contempt. As soon as the trial court perceived the nature of the proceeding, the bank's pleading should have been dismissed as that of an incompetent party."

On the basis of these authorities, we conclude that a private person, as informant, is not a proper party to a criminal contempt proceeding. His only office in such a proceeding is served when he calls to the court's attention facts which may constitute criminal contempt. Having done so, the matter is out of his hands, and further proceedings are con-ducted through the office of the court or the United States as the representative of the public in vindication of the court's dignity and authority. In the present case, the court or the United States may yet take appropriate action against defendant on the basis of facts called to the court's attention by plaintiff's petition. Whether such a proceeding should be instituted is a matter concerning defendant and the public, in which plaintiff's interest is no greater than that of every member of the general public.

Plaintiff was an incompetent party before the District Court, McCauley v. First Trust & Savings Bank, supra, and is equally disqualified from prosecuting this appeal.

The appeal is dismissed.