Donald **LEHN**, Plaintiff–Appellant,

v.

Jack **HARTWIG**, et al., Defendants–
Appellees.

No. 00–1631.

United States Court of Appeals,
Seventh Circuit.

390

Submitted May 3, 2001.*

Decided June 27, 2001.

Before FAIRCHILD, BAUER, and POSNER, Circuit Judges.

## ORDER

Illinois inmate Donald Lehn sued three officials of the Big Muddy River Correctional Center under 42 U.S.C. § 1983, alleging that they violated his First and Fourteenth Amendment rights by refusing him delivery of several hardback books and by barring him from obtaining a laptop computer. A magistrate judge presiding by consent granted summary judgment for the defendants on the latter claim,

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

reasoning that they were entitled to qualified immunity. The hardback-book claim proceeded to a jury trial, and a verdict was returned in favor of the defendants. Lehn now appeals, contesting several of the district court's rulings. We affirm.

Lehn makes numerous arguments on appeal relating to his hardback-book claim, all of which lack merit. Before we address those arguments, however, we first note that this case should not have gone to trial in the first place. Lehn's complaint merely alleged that the defendants prevented him from receiving his selection of hardback books directly from the publisher, not that they denied him access to the publications altogether. As is evident from documents that Lehn attached to his complaint (and that are thus deemed to be incorporated into it, *see Int'l Mktg., Ltd. v. Archer–Daniels–Midland Co., Inc.*, 192 F.3d 724, 729 (7th Cir.1999)), the defendants would have permitted the books to reach Lehn had the covers been removed prior to their arrival at the facility, but the prison simply did not have the equipment necessary to remove the covers for him. Indeed, in Lehn's prison grievance report, which was attached to his complaint, the grievance officer states that Lehn "was afforded other means of ownership of these materials, however, inmate declined." Lehn's complaint therefore shows that he had an alternative means of obtaining the books he sought, and so no constitutional concerns could have been implicated. *See Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir.1992); *Skelton v. Pri–Cor, Inc.*, 963 F.2d 100, 103 (6th Cir. 1991).

Even assuming, moreover, that Lehn's allegations regarding the prison's hardback-book policy could state a claim under § 1983, he presents no argument on appeal that would entitle him to a new trial or any other relief. He first challenges four of the jury instructions, claiming that they were based on erroneous constitutional standards. Lehn waived his right to challenge two of those instructions, however, when he failed to object to them in the district court. *Jabat, Inc. v. Smith*, 201 F.3d 852, 857 (7th Cir.2000). With regard to the remaining two, we conclude that they correctly state the applicable law. First, Lehn's argument that one of the instructions was improperly based on *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), and therefore ignored the First Amendment rights of the author, publisher, and retailer of the books he sought, is foreclosed by the Supreme Court's decision in *Thornburgh v. Abbott*, 490 U.S. 401, 407–14, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989). And we also find no error in the remaining instruction, which simply states the well-established proposition that negligence does not provide a basis for relief under § 1983. *See, e.g., Pena v. Leombruni*, 200 F.3d 1031, 1033 (7th Cir.1999).

Lehn next claims that the district court erred in refusing to bring criminal contempt charges against two defendants who allegedly made false statements in affidavits given during summary judgment proceedings. This argument is frivolous. Even assuming that the affidavits are false (and it is not apparent to us that they are), Lehn, as a private party, has no standing to prosecute an action for criminal contempt. *Jones v. Clinton*, 206 F.3d 811, 812 (8th Cir.2000); *Kienle v. Jewel Tea Co.*, 222 F.2d 98 (7th Cir.1955). Also frivolous is Lehn's argument that he should have been permitted to serve discovery requests on the State of Illinois because "an official capacity suit against a state official is, in effect, a suit against the state." Indeed, the very cases Lehn cites in support of this claim establish that the State of Illinois is entitled to Eleventh Amendment immunity and is therefore not a proper defendant in

this case. *See, e.g., Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).

Lehn also makes several arguments pertaining to his claim that he was unlawfully barred from obtaining a laptop computer, all of which challenge in some way the district court's grant of summary judgment on qualified immunity grounds. Specifically, Lehn maintains that qualified immunity does not apply in this case because he is seeking only declaratory and injunctive relief, and not monetary damages. But although Lehn is correct in this regard, *see Canedy v. Boardman,* 91 F.3d 30, 33 (7th Cir.1996), he is still not entitled to relief because he again failed to state a claim of constitutional proportions. If prisoners have no constitutional right to a typewriter, *Taylor v. Coughlin,* 29 F.3d 39, 40 (2d Cir.1994); *Sands v. Lewis,* 886 F.2d 1166, 1169 (9th Cir.1989); *Am. Inmate Paralegal Ass'n v. Cline,* 859 F.2d 59, 61 (8th Cir.1988), they certainly do not have one to a computer.

Lehn makes one last argument, which, from what we can tell, is that the prison was unlawfully restricting his access to certain legal materials. But as Lehn acknowledges in his brief, this claim is the subject of another lawsuit currently pending between the parties, and so we "need not address" it at this time.

AFFIRMED.