UNITED STATES *v.* GOLDMAN ET AL.

No. 723.   Argued April 10, 1928.—Decided May 14, 1928.

*Assistant to the Attorney General Donovan,* with whom
*Solicitor General Mitchell,* and *Messrs. Porter R. Chand-
ler, Ralstone R. Irvine,* and *W. Houston Kenyon,* Special

Assistants to the Attorney General, were on the brief, for the United States.

This Court has jurisdiction of this case under the Criminal Appeals Act of 1907. *United States* v. *Sanges,* 144 U. S. 310; *United States* v. *Kissel,* 218 U. S. 601; *United States* v. *Barber,* 219 U. S. 72; *United States* v. *Rabinowich,* 238 U. S. 78; *United States* v. *Oppenheimer,* 242 U. S. 85; *United States* v. *Noveck,* 271 U. S. 201; *United States* v. *Storrs,* 272 U. S. 652; *United States* v. *Celestine,* 215 U. S. 278; *United States* v. *Thompson,* 251 U. S. 407.

Contempts are criminal cases within the meaning of the Act. *Gompers* v. *United States,* 233 U. S. 604; *Ex parte Grossman,* 267 U. S. 87; *Michaelson* v. *United States,* 266 U. S. 42; *Myers* v. *United States,* 264 U. S. 95.

The third section of the Criminal Appeals Act, relating to pleas in bar, is applicable to criminal cases begun by information as well as to those begun by indictment. *United States* v. *Borger,* 7 Fed. 193; *Bailey* v. *Kalamazoo Publishing Co.,* 40 Mich. 251; cf. *The Queen* v. *Steel,* L. R. 2 Q. B. D. 37; *United States* v. *Celestine,* 215 U. S. 278; *United States* v. *Oppenheimer,* 242 U. S. 85; *United States* v. *Keitel,* 211 U. S. 370; *Gompers* v. *United States,* 233 U. S. 604.

The "motion to dismiss" filed on behalf of defendants below was a special plea in bar within the meaning of the Criminal Appeals Act. *United States* v. *Thompson,* 251 U. S. 407; *United States* v. *Oppenheimer, supra; United States* v. *Rabinowich,* 238 U. S. 78; *United States* v. *Barber,* 219 U. S. 72; *United States* v. *Cook,* 17 Wall. 168; *United States* v. *Noveck,* 271 U. S. 201.

The defendants in error have not been in jeopardy within the meaning of the Criminal Appeals Act. *Taylor* v. *United States,* 207 U. S. 120; *Kepner* v. *United States,* 195 U. S. 100; *United States* v. *United Shoe Machinery Co.,* 198 Fed. 870.

Section 25 of the Clayton Act, imposing a one-year period of limitation in certain classes of contempts, has no application to criminal contempts prosecuted by the United States. *Gompers* v. *United States,* 233 U. S. 604; *Michaelson* v. *United States,* 266 U. S. 42.

The legislative history of the Clayton Act supports the Government's contention. The contention of the Government is also supported by the language of the U. S. Code.

*Mr. Robert R. Nevin,* with whom *Messrs. Ezra M. Kuhns, Edward H. Green, E. H. Sykes,* and *Frank F. Dinsmore* were on the brief, for defendants in error.

At common law, the Government would unquestionably have had no right of appeal. This Court is a court of limited jurisdiction, and this statute grants it jurisdiction in a narrowly limited class of cases. The right of appeal therein given is unique, in that it provides for an absolute right of appeal from the District Court to this Court. Thus, the statute is in derogation of the common law in broadening the power of the Government against the right of the citizen; and it is a very limited statute giving an extraordinary right of appeal in very special and carefully-defined circumstances. The statute must, therefore, be strictly construed, and this Court has consistently so held. *United States* v. *Weissman,* 266 U. S. 377; *United States* v. *Keitel,* 211 U. S. 371.

This proceeding is not a criminal case, within the meaning of the Criminal Appeals Act. *Ex parte Fisk,* 113 U. S. 713; *Myers* v. *United States,* 264 U. S. 95. Distinguishing *Gompers* v. *United States,* 233 U. S. 604; *Ex parte Grossman,* 267 U. S. 87; and *Michaelson* v. *United States,* 266 U. S. 42.

There has been no decision or judgment sustaining a special plea in bar within the meaning of the Criminal

Appeals Act. *United States* v. *Barber*, 219 U. S. 72; *United States* v. *Storrs*, 272 U. S. 652.

The words "special plea in bar" have long since acquired a well-settled meaning in the law. Those pleas appeared first in the civil law and subsequently in the criminal law. The essential and fundamental characteristic of a special plea (whether it be in bar or in abatement) is that it denies the right of the Government to succeed by reason of facts extrinsic to the indictment. Starkie, 1 Cr. Pl., p. 349; 2 Bishop's New Crim. Pro., 2d ed. p. 583; *Farley* v. *Kittson*, 120 U. S. 303.

The distinction between demurrers or motions to dismiss, on the one hand, and pleas, on the other, is clear. The distinction has been clearly recognized by Congress in the Criminal Appeals Act.

It is true that the defense of the statute of limitations has usually been raised in pleadings that are properly called "special pleas in bar," rather than by demurrers or by motions to dismiss. That, however, is merely due to an accident rather than to anything inherent in their nature. The statute of limitations customarily pleaded is found in Rev. Stats., § 1044; and that is restricted by Rev. Stats., § 1045 so as not to apply to any person fleeing from justice. Therefore, whenever a defendant has desired the benefit of that statute of limitations, his pleading, of necessity, had to be a special plea in bar setting up the additional fact not appearing in the indictment, viz., that the defendant was not a fugitive from justice. *United States* v. *Cook*, 17 Wall. 168; *United States* v. *Barber*, 219 U. S. 72.

The function of a special plea in bar is to set up new matter. If this were not true, the careful distinction that Congress has drawn between the first and second subdivisions, on the one hand, and the third subdivision on the other, would be meaningless. This Court has but recently held that the words "a special plea in bar" are

used in their technical sense. *United States* v. *Storrs*, 272 U. S. 652; *United States* v. *Gompers*, 233 U. S. 604; *United States* v. *Novek*, 271 U. S. 201; *United States* v. *Rabinowich*, 238 U. S. 78.

The statute of limitations relied on is § 25 of the Clayton Act. It will be noted that this contains no such limitations as are found in Rev. Stats., §§ 1044 and 1045; it calls for no such pleading. Accordingly, all the facts necessary for the defense appeared upon the face of the information, and the defendants, therefore, did not have to plead a special plea in bar setting up any additional fact. In reality, if they had attempted to plead a special plea in bar, their pleading would not have been such.

The defendants have been put in jeopardy. *Jones* v. *Mould*, 151 Iowa 599; *Brown* v. *Farley*, 38 N. J. Eq. 186; *Kepner* v. *United States*, 195 U. S. 100; *Grafton* v. *United States*, 206 U. S. 333; *United States* v. *Oppenheimer*, 242 U. S. 85; *Merchants, etc. Co.* v. *Board of Trade*, 201 Fed. 20; *Myers* v. *United States*, 264 U. S. 95.

These proceedings are barred by § 25 of the Clayton Act. *Michaelson* v. *United States*, 266 U. S. 42; *I. C. C.* v. *Baird*, 194 U. S. 25.

MR. JUSTICE SANFORD delivered the opinion of the Court.

An information presented by the United States to the District Court charged Jacob A. Goldman and others with criminal contempts committed by violating an injunction that had been granted by the court in a suit in equity brought by the United States against the National Cash Register Co. and others to enforce the Sherman Anti-Trust Act. On motion of the defendants in error the information was dismissed as to them on the ground that under § 25 of the Clayton Act [1] the prosecution was

---

[1] 38 Stat. 730, c. 323; U. S. C., Tit. 28, § 390.

barred by the statute of limitations of one year. The United States sued out this direct writ of error under the Criminal Appeals Act.[2]

The questions here are: 1st, whether this Court has jurisdiction under the writ of error; and 2nd, if so, whether the one year statute of limitations is applicable.

The information showed upon its face that the alleged contempts were committed by the defendants in error more than one year, but less than three years, prior to its presentment. They entered pleas of not guilty. In anticipation of and preparation for the trial a special examiner was appointed to take, transcribe and report to the court such testimony as the parties might offer, with the provision and understanding that at the trial the parties might rely on such portion of this testimony as might be desired and also introduce additional testimony, either oral or documentary. The testimony taken by the examiner was lodged with the District Judge, and, in accordance with a *nunc pro tunc* order, endorsed as " Filed with the court pending trial in open court." Before the trial the defendants in error [3] moved to dismiss the charges against them on the ground that it appeared on the face of the information that the proceeding for contempt was instituted more than one year after the date of the alleged acts complained of. The United States demurred to this motion on the ground that, treating it as a special plea in bar, the matters therein contained were not sufficient in law to bar the prosecution of the information. The court, likewise treating the motion to dismiss as a special plea in bar raising the question of the statute of limitations, overruled the demurrer and dismissed the information as to the defendants in error on the ground that the prosecution was barred by the statute of limitations.

---

[2] 34 Stat. 1246, c. 2564; U. S. C., Tit. 18, § 682.

[3] The United States had previously agreed to dismiss the contempt proceeding against all the other defendants except one.

1. The Criminal Appeals Act provides that a writ of error may be taken by the United States from the district courts direct to this Court " in all criminal cases, in the following instances, to-wit: . . . From the decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy." The defendants in error challenge our jurisdiction under the present writ of error upon the grounds that this is not a criminal case, that the judgment was not one sustaining a special plea in bar, and that they had been put in jeopardy. We cannot sustain this contention.

While a proceeding instituted by the United States for the punishment of a criminal contempt committed by a violation of an injunction is not " a criminal prosecution " within the provisions of the Sixth Amendment relating to venue in a jury trial, *Myers* v. *United States,* 264 U. S. 95, 105, such a criminal contempt is " an offense against the United States " whose prosecution is subject to the statute of limitations applicable to such offenses, *Gompers* v. *United States,* 233 U. S. 604, 611, and which, as such an offense, may be pardoned by the President under Article II of the Constitution, *Ex parte Grossman,* 267 U. S. 87, 115. The only substantial difference between such a proceeding for criminal contempt and a criminal prosecution is that in the one the act complained of is the violation of a decree and in the other the violation of a law. *Michaelson* v. *United States,* 266 U. S. 42, 67. In *Gompers* v. *United States, supra,* 610, this Court said, in language which was quoted with approval in *Ex parte Grossman, supra,* 116: " It is urged . . . that contempts cannot be crimes, because, although punishable by imprisonment and therefore, if crimes, infamous, they are not within the protection of the Constitution and the amendments giving a right to trial by jury &c. to persons charged with such crimes. . . . It does not follow that contempts of the class under consideration are not

crimes, or rather, in the language of the statute, offenses, because trial by jury as it has been gradually worked out and fought out has been thought not to extend to them as a matter of constitutional right. These contempts are infractions of the law, visited with punishment as such. If such acts are not criminal, we are in error as to the most fundamental characteristic of crimes as that word has been understood in English speech. So truly are they crimes that it seems to be proved that in the early law they were punished only by the usual criminal procedure . . . , and that at least in England it seems that they still may be and preferably are tried in that way." And we think it clear that informations brought by the United States for the punishment of criminal contempts constituting offenses against the United States are. "criminal cases" within the meaning of the Criminal Appeals Act, in as real and substantial a sense as ordinary criminal prosecutions for the punishment of crimes. See *Bessette* v. *Conkey Company,* 194 U. S. 324, 335 *et seq.*

Whether the judgment sustaining the motion of the defendants in error and dismissing the information on the ground that the prosecution was barred by the statute of limitations, was a " judgment sustaining a special plea in bar " within the meaning of the Act, is to be determined not by form but by substance. *United States* v. *Thompson,* 251 U. S. 407, 412. The material question in such cases is the effect of the ruling sought to be reviewed. It is immaterial that the plea was erroneously designated as a plea in abatement instead of a plea in bar, *United States* v. *Barber,* 219 U. S. 72, 78, or that the ruling took the form of granting a motion to quash which was in substance a plea in bar, *United States* v. *Oppenheimer,* 242 U. S. 85, 86, *United States* v. *Thompson, supra,* 412. Here the motion to dismiss raised the bar of the statute of limitations upon the facts appearing on the face of the information, and was equivalent to a special plea in bar

setting up such facts. And the effect of sustaining the motion was the same as if such a special plea in bar had been interposed and sustained.

It is also clear that as the court had merely entered a preliminary order for the taking of testimony for use at the trial, and had not commenced its sitting for the trial, the defendants in error had not then been placed in jeopardy.

2. Finding, therefore, that we have jurisdiction under the writ of error, we proceed to consider the contention of the United States that the prosecution of the information was not barred by the limitation of one year prescribed in § 25 of the Clayton Act.

In *Gompers* v. *United States, supra,* 611, decided in May, 1914, it was settled that prosecutions for criminal contempts committed by violations of injunctions, were barred by the general three years' limitation applicable to non-capital crimes under R. S. § 1044.[4] And the sole question to be considered is whether this has been changed by § 25 of the Clayton Act, passed in October, 1914.

The provisions of the Clayton Act relating to the punishment of criminal contempt are in §§ 21 to 25, inclusive. Sec. 21 provides " That any person who shall willfully disobey any lawful writ, process, order, rule, decree, or command of any district court of the United States . . . by doing any act or thing therein, or thereby forbidden to be done by him, if the act or thing so done by him be of such character as to constitute also a criminal offense under any statute of the United States, or under the laws of any State in which the act was committed, shall be proceeded against for his said contempt as hereinafter provided." Sec. 22 relates to the procedure, trial, punishment, etc., in proceedings for the punishment of " such contempt; " Sec. 23 to the allowance of writs of error.

---

[4] The amendment made to that section by the Act of 1921, 42 Stat. 220, c. 124, U. S. C., Tit. 18, § 582, is not here material.

Sec. 24 provides " That nothing herein contained shall be construed to relate to contempts committed in the presence of the court, or so near thereto as to obstruct the administration of justice, nor to contempts committed in disobedience of any lawful writ, process, order, rule, decree, or command entered in any suit or action brought or prosecuted in the name of, or on behalf of, the United States, but the same, and all other cases of contempt not specifically embraced within section twenty-one . . . may be punished in conformity to the usages at law and in equity now prevailing." And Sec. 25 provides " That no proceeding for contempt shall be instituted against any person unless begun within one year from the date of the act complained of; nor shall any such proceeding be a bar to any criminal prosecution for the same act or acts. . . ."

Although Sec. 25 is broad enough, upon its face, to provide a period of limitation of one year in all criminal contempts, we think that when construed in the light of the context and read in connection with the preceding sections, it does not relate to the prosecution for criminal contempts of the character here involved. The Act, as stated in *Michaelson* v. *United States, supra*, 66, is " of narrow scope," and " carefully limited to the cases of contempt specifically defined."

Sec. 21 relates only to the prosecution for the disobedience of orders, decrees, etc., by doing any forbidden act which is of such character as to constitute also a criminal offense under a federal statute or state law. And Sec. 24 specifically declares that " nothing herein contained,"— meaning evidently no provision in the Act relating to prosecutions for criminal contempts—shall be construed to relate to contempts committed in disobedience of any order, decree, etc., entered in any suit brought in the name or on behalf of the United States; but that these and all other cases of contempt not specifically embraced within

Sec. 21, may be punished in conformity to the prevailing usages at law and in equity.

It is plain, we think, that this specific exception in Sec. 24, applies to Sec. 25 relating to the period of limitations as well as to the other sections, and hence that the one year limitation prescribed by Sec. 25 has no application to the proceeding in the present case, which was brought for the disobedience of a decree entered in a suit brought and prosecuted in the name and on behalf of the United States.

We find nothing in the legislative history of the Act which indicates any different intention on the part of the Congress.

*Judgment reversed.*

MR. JUSTICE STONE did not sit in this case.