**FEDERAL TRADE COMMISSION v. A. McLEAN & SON et al.**

**Nos. 5796, 5797.**

Circuit Court of Appeals, Seventh Circuit.

Feb. 8, 1938.

W. T. Kelley, Martin A. Morrison, Henry C. Lank and James W. Nichol, all of Washington, D. C., for petitioner.

Irvin H. Fathchild, of Chicago, Ill., for respondent.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

The Federal Trade Commission has filed a petition for a rule against McLean and Son, a corporation, and one against M. J. Holloway and Company, a corporation, to show cause why each should not be adjudged in contempt of this court for violation of a decree entered by this court July 1, 1936. That decree was entered pursuant to application of the Commission for enforcement of its order against both respondents to cease and desist from certain practices theretofore found by the Commission to constitute unfair and forbidden methods of competition. See Federal Trade Commission v. A. McLean & Son, 7 Cir., 84 F.2d 910.

The petition presented in each case was filed under the same title and number as the original proceeding, and was filed as a part of that proceeding. The prayer of each petition is as follows:

"Wherefore, Federal Trade Commission prays that said (respondent) be ordered to show cause why it should not be adjudged in contempt of this Court, in having so disobeyed said decree of this Court so made and entered on the first day of July, 1936."

Respondents filed answers in the nature of motions to dismiss the petitions for rule to show cause on the grounds that:

1. The object of the petitions for contempt is necessarily punitive and not compensatory, and accordingly should have been presented as an independent petition and not as supplemental proceedings in the original cause.

2. The petitions set forth only the pleader's conclusions in support of the charge, and not sufficient allegations of fact as to the subject matter alleged to violate the court's order.

3. The verification of the petitions is insufficient, not being by persons having personal knowledge of the facts, and purporting to be upon affiant's belief.

4. There was no contempt of the court's order, as indicated by certain facts set forth by respondents.

In reply to respondents' motions to dismiss, petitioner, the Commission, stated that its proceeding was one for civil contempt, and that it was a part of a proceeding based upon section 5 of the Federal Trade Commission Act, 15 U.S.C.A. § 45, which provides for a civil proceeding only and for a decree in the nature of an injunction; that it was not punitive; that it was wholly remedial, being prosecuted in the public interest; and that it was ancillary to the main case and in aid of the enforcement of the decree of this court. It further urged that the assessment of a fine would not indicate that the proceeding was criminal since a fine is as much an incident of civil contempt as of criminal, the difference between the two being that in civil contempt the fine must bear a relation to the injury sustained by the complaining party. In its petitions for rules to show cause, the Commission made no allegation of injury to itself and no request for fines payable to it in compensation for expense incurred as a result of respondents' alleged contempts. However, in its brief in opposition to the motions to dismiss, to show that it was entitled to such fines, it made the following statement:

"The Government, under the decree of this Court, represents the interests of the Government and of the public. The Government has borne the expense of a nation-wide investigation to ascertain the facts which constitute the company's violations of the decree herein, and it pays all salaries and other expenses incident to the prosecution of this proceeding. The public is, as a matter of law, injured by such violations. The Government is entitled to a fine which bears a reasonable relation to all these injuries. The amount may not be calculated with accuracy, but the Court may reasonably approximate it in fixing a fine in a substantial sum.

"The cash outlay required of the Government in its investigations and in the prosecution of the pending petition may not be ascertained with certainty; but it manifestly is a substantial sum.

"That violations of the decree injure the public may not be doubted or denied. Respondent's total sales are so great that such injuries to the public, when expressed in dollars, must be a substantial sum. A proceeding in civil contempt is ancillary to the case in which the decree was entered. It depends upon and is co-existent with the right to enforce such decree."

The Commission thus asserted its right, as a party injured by violation of a decree in its favor, to the remedy or relief afforded by means of civil contempt proceedings. As we studied the questions presented by the petitions and briefs filed prior to the hearing, and by the oral argument on hearing of the motions to dismiss, we concluded that the Commission was not entitled to the relief sought, by the means sought. It appeared that the question of the right of an administrative board, an agency of the Government, created principally for the purpose of regulating competition, to invoke rights customarily accorded to private litigants, had not previously been raised nor settled. Since the procedure followed was that employed in proceedings for civil contempt, according to the rules laid down in Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797, 34 L.R.A.,N.S., 874, and the Commission treated it as such in its petition and briefs, we concluded that the first question before us was whether the Commission was entitled to institute

proceedings for civil contempt as a part of its civil proceedings against the respondents which had culminated in an order of this court to enforce the cease and desist order of the Commission. Having found that the protection of private rights was emphasized throughout the cases relating to civil contempt proceedings as their principal purpose,[1] we became convinced that the Commission, an agency of the Government, representing no private interest of its own, but acting solely in the public interest, had no such standing as a private party that it could utilize procedure intended to safeguard the rights and interests of private parties. That the Commission does act in the public interest alone we think there can be no question. Section 5 of the act creating it so provides, 15 U.S.C.A. § 45. See, also, Federal Trade Commission v. Klesner, 280 U.S. 19, 50 S.Ct. 1, 74 L.Ed. 138, 68 A.L.R. 838; Flynn & Emrich Co. v. Federal Trade Commission, 4 Cir., 52 F.2d 836.

The Commission now appears to acquiesce in the conclusion that civil contempt proceedings are not appropriate to the proceeding here involved, as indicated by a supplemental brief filed herein, seventeen days after hearing of the cause, wherein it urges its right to prosecute proceedings for criminal contempt in its own name. It now states: "Counsel for the Commission respectfully submit that the petition herein presents an element of civil contempt, although it also presents a larger and more important element of criminal contempt—a criminal element that goes to the inherent power of this Court to vindicate its own dignity and rightful power * * * The only practical change will be that the fine will be punitive, and there may be fine or imprisonment, or both, with no limits except the sound discretion of this Court."

In support of its contention that the court should now consider its petition as one for criminal contempt, the Commission relies upon four cases, each of which was prosecuted by it in its own name: In the Matter of Leavitt, reported in Statutes and Decisions pertaining to the Federal Trade Commission, page 582[2]; a second proceeding against the same party, not reported; Federal Trade Commission v. Hoboken White Lead & Color Works, 2 Cir., 67 F. 2d 551; and Federal Trade Commission v. Pacific States Paper Trade Ass'n, 88 F. 2d 1009. We note that the Hoboken Works Case does not appear to have been prosecuted as a part of the original proceedings. No docket number is given in the published report. The question of the form of the proceedings does not appear to have been raised, and the court treated it as a proceeding for criminal contempt, and imposed a punitive fine. In the Pacific States Association Case, it appears that a separate proceeding was had, as indicated by the fact that the original order was entered in cause No. 4217, while the fines for contempt were imposed in cause No. 8227. We consider this fact of importance for the reason that it has been generally held that the party against whom such proceedings are attempted to be had is entitled to know from the outset whether the proceedings against him are civil or criminal in their nature. The Court of Appeals for the Second Circuit discussed this in McCann v. New York Stock Exchange, 80 F.2d 211, 214, an appeal from an order fining appellant for contempt of court. In reversing the order, the court said:

"Nor can we affirm it as punishment for a criminal contempt. The lower federal courts have not been very clear about the proper practice in such applications since Gompers v. Buck's Stove & Range Co., 221

---

[1] "The courts of the United States recognize that the process of contempt has two distinct aspects—one criminal, to punish disobedience; and the other remedial and civil to enforce a decree of the court, and to compensate private persons." Kreplik v. Couch Patents Co., 1 Cir., 190 F. 565, at page 569.

"An essential element of proceedings in the nature of civil contempt is that some private interest shall appear." State v. Verage, 177 Wis. 295, at page 317, 187 N.W. 830, 839, 23 A.L.R. 491.

"The punishment is to secure to the adverse party the right which the court has awarded to him." Bessette v. W. B. Conkey Co., 194 U.S. 324, 24 S.Ct. 665, 667, 48 L.Ed. 997.

"Substantial benefit to a private party preponderating over that to the government is the distinguishing characteristic of a civil contempt." Holloway v. Peoples Water Co., 100 Kan. 414, 167 P. 265, 268, 2 A.L.R. 161.

See, also, In re Nevitt, 8 Cir., 117 F. 448; Merchants' Stock & Grain Co. v. Board of Trade, 8 Cir., 187 F. 398.

[2] No opinion for publication.

U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797, 34 L.R.A.,N.S., 874. It has been their custom to determine their character, whether civil or criminal, by resort to a number of elements, some purely formal, some substantial; such as the title of the proceeding, whether costs were demanded, whether the parties were examined, who conducted the prosecution. * * * The result of all this has been most unsatisfactory and has defeated its own purpose, which was to advise the respondent at the outset of the nature of the application. * * * Criminal prosecutions, that is, those which result in a punishment, vindictive as opposed to remedial, are prosecuted either by the United States or by the court to assert its authority. * * * But the judge may prefer to use the attorney of a party, who will indeed ordinarily be his only means of information when the contempt is not in his presence. There is no reason why he should not do so, and every reason why he should; but obviously the situation may in that event be equivocal, for the respondent will often find it hard to tell whether the prosecution is not a remedial move in the suit, undertaken on behalf of the client. This can be made plain if the judge enters an order in limine, directing the attorney to prosecute the respondent criminally on behalf of the court, and if the papers supporting the process contain a copy of this order or allege its contents correctly. We think that unless this is done the prosecution must be deemed to be civil and will support no other than a remedial punishment."

The Commission apparently has in mind this right of the respondents to be apprised of the nature of the proceedings against them when it states: "A technical change of the case upon the docket of this Court is all that respondent might reasonably ask, and it would be of no advantage to respondent. The parties would remain the same and the subject matter and rights and liabilities of the parties would remain the same." We cannot agree with this contention. There may be a very considerable difference between the incidents resultant upon a finding of contempt in a civil proceeding from those of a criminal proceeding. The Supreme Court said, in U. S. v. Goldman, 277 U.S. 229, 48 S.Ct. 486, 487, 72 L.Ed. 862, "The only substantial difference between such a proceeding for criminal contempt and a criminal prosecution is that in the one the act complained of is the violation of a decree and in the other the violation of a law. * * * 'These contempts are infractions of the law, visited with punishment as such. If such acts are not criminal, we are in error as to the most fundamental characteristic of crimes as that word has been understood in English speech.'"

We think that not only the respondent, but also the court is entitled to know from the original petition and briefs in support thereof just what theory the petitioner relies upon for the relief sought in his petition. By filing the petitions here involved as ancillary to the original proceedings, the Commission indicated that it sought relief in civil proceedings. Thereafter when respondents filed their motions to dismiss, it filed its brief in support of that position, claiming relief as an injured party, to be reimbursed for costs incurred as a result of the violation of the order, stating, "This is a proceeding for 'civil contempt.' * * * It is not punitive. It is wholly remedial * * * (It) is ancillary to the main case and is in aid of the enforcement of the decree of this Court made and entered therein." We are convinced that the Commission has no right now to demand permission to continue prosecution of the proceedings as in criminal contempt. Nor do the facts disclosed by the petitions for rule to show cause, and the suggestions filed in opposition thereto, show such deliberate intent to violate the order of the court that we feel impelled to prosecute a proceeding on our own motion to punish respondents for contempt of our order.

Respondents' motions to dismiss the petitions for rules to show cause why they should not be held in contempt for violations of the order of this court are granted, and the petitions are hereby dismissed.