## UNITED STATES v. HOFFMAN.

### No. 9435.

United States Court of Appeals
District of Columbia.

Argued April 7, 1947.

Decided May 5, 1947.

,Mr. Irving S. Shapiro, Attorney, Department of Justice, and Mr. Abraham H. Maller, Special Appellate Attorney, both of Washington, D. C., Office of Price Administration branch, Office of Temporary Controls, with whom Mr. J. Grahame Walker, of Washington, D. C., Attorney, Office of Price Administration branch, Office of Temporary Controls, was on the brief, for appellant.

Mr. Bernard Margolius, of Washington, D. C., with whom Messrs. Joseph B. Danzansky and Raymond R. Dickey, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and PRETTYMAN, Associate Justices.

PER CURIAM.

In a civil action brought in the District Court by the Price Administrator, a consent decree was entered enjoining the appellee from selling automobiles at prices in excess of established ceilings. Later the Price Administrator sought to institute criminal contempt proceedings, alleging violation of the injunction. A rule to show

cause was issued. Hoffman filed a motion to dismiss the rule. The District !Court granted the motion. Thereupon the United States appealed.

The motion to dismiss, which was supported by an affidavit, was upon the ground that the rule had issued because of transactions revealed by books, contracts and other documents produced by Hoffman under a subpoena duces tecum issued by the Office of Price Administration, after Hoffman had specifically claimed immunity under the Fifth Amendment and the Compulsory Testimony Act.[1]

Under the Criminal Appeals Act,[2] an appeal in a criminal case may be taken by and on behalf of the United States direct to the Supreme Court from a judgment sustaining a special plea in bar. A criminal contempt proceeding is a criminal case.[3] The motion to dismiss because the proceeding was barred by the Compulsory Testimony Act was clearly a special plea in bar: Therefore, a judgment sustaining

---

[1] Act of Feb. 11, 1893, 27 Stat. 443, 49 U.S.C.A. § 46; incorporated by reference in the Emergency Price Control Act of 1942, 56 Stat. 30, 50 U.S.C.A. Appendix, § 922 (g).

[2] "An appeal may be taken by and on behalf of the United States from the district courts direct to the Supreme Court of the United States in all criminal cases in the following instances, to wit:

"From a decision or judgment quashing, setting aside, or sustaining a demurrer or plea in abatement to any indictment or information, or any count thereof, where such decision or judgment is based upon the invalidity or construction of the statute upon which the indictment or information is founded.

"From a decision arresting a judgment of conviction for insufficiency of the indictment or information, where such decision is based upon the invalidity or construction of the statute upon which the indictment or information is founded.

"From the decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy.

"An appeal may be taken by and on behalf of the United States from the district courts to a circuit court of appeals or the United States Court of Appeals for the District of Columbia, as the case may be, in all criminal cases, in the following instances, to wit:

"From a decision or judgment quashing, setting aside, or sustaining a demurrer or plea in abatement to any indictment or information, or any count thereof except where a direct appeal to the Supreme Court of the United States is provided by this Act.

"From a decision arresting a judgment of conviction except where a direct appeal to the Supreme Court of the United States is provided by this Act.

"The appeal in all such cases shall be taken within thirty days after the decision or judgment has been rendered and shall be diligently prosecuted.

"Pending the prosecution and determination of the appeal in the foregoing instances, the defendant shall be admitted to bail on his own recognizance: Provided, That if an appeal shall be taken pursuant to this Act to the Supreme Court of the United States which, in the opinion of that Court, should have been taken to a circuit court of appeals, or the United States Court of Appeals for the District of Columbia, the Supreme Court of the United States shall remand the cause to the circuit court of appeals or the United States Court of Appeals for the District of Columbia, as the case may be, which shall then have jurisdiction to hear and determine the same as if the appeal had been taken to that court in the first instance; and if an appeal shall be taken pursuant to this section to any circuit court of appeals or to the United States Court of Appeals for the District of Columbia, which, in the opinion of such court, should have been taken directly to the Supreme Court of the United States, such court shall certify the case to the Supreme Court of the United States, which shall thereupon have jurisdiction to hear and determine the cause to the same extent as if an appeal had been taken directly to that Court.

"Rules of practice and procedure with respect to appeals authorized by this Act shall be prescribed by the Supreme Court of the United States in accordance with the provisions of the Act of June 29, 1940 (54 Stat. 688, U. S. C., title 18, sec. 687)." Act of May 9, 1942, 56 Stat. 271, 18 U.S.C.A. § 682.

[3] United States v. Goldman, 1928, 277 U.S. 229, 48 S.Ct. 486, 72 L.Ed. 862; Pendergast v. United States, 1943, 317 U.S. 412, 417, 63 S.Ct. 268, 87 L.Ed. 368; Gompers v. United States, 1914, 233 U.S. 604, 34 S.Ct. 693, 58 L.Ed. 1115.

that motion is reviewable, under the Criminal Appeals Act, upon direct appeal to the Supreme Court.[4] The statute further provides that appeals may not be taken to this court where such an appeal to that Court is provided, and that this court shall certify to that Court a case which should have been taken there directly.

It was held in United States v. Burroughs[5] that the then Criminal Appeals Act did not apply to the District of Columbia. But the Act was amended in 1942, and under its present provisions appeals to this court, by name, are specifically provided. Moreover, Section 128 of the Judicial Code, as amended,[6] gives this court power to review judgments of the District Court in criminal cases on appeals taken by the United States "in cases where such appeals are permitted by law." This latter clause was part of the act amending the Criminal Appeals Act in 1942, and clearly brings this court within the terms of that amended Act.

It follows that pursuant to the Criminal Appeals Act this court, being of the opinion that this appeal should have been taken directly to the Supreme Court of the United States, must certify the case to that Court.

Appellee contends that the appeal was not properly taken by the United States, because the United States was not a party to the proceeding below, and that this court should, therefore, dismiss the appeal. But we think that the Criminal Appeals statute contemplates that the entire appellate proceeding should be in the Supreme Court and that, therefore, that Court must determine all questions involved. We do not think that the Act contemplated a division of the appellate proceeding so that this court, or another Circuit Court of Appeals, would determine the propriety of the procedural aspects of the appeal, including the rights of parties to appeal, and the Supreme Court would then determine only the merits of the substantive questions.

Case certified to the Supreme Court of the United States.

---

4 United States v. Goldman, supra note 3.

5 1933, 289 U.S. 159, 53 S.Ct. 574, 77 L.Ed. 1096.

6 56 Stat. 272, 28 U.S.C.A. § 225 (f).