THE UNITED STATES of America, Petitioner,

v.

J. Myer SCHINE, Louis W. Schine, John A. May, Howard M. Antevil, Donald G. Schine, Elmer Lux, Schine Chain Theatres, Inc., Schine Theatrical Co., Inc., Schine Lexington Corporation, Schine Enterprises Corporation, Schine Circuit, Inc., Chesapeake Theatres Corporation, Hildemart Corporation, Darnell Theatres, Inc., Elmart Theatres, Inc., Respondents.

Cr. A. No. 6279-C.

United States District Court
W. D. New York.

Aug. 12, 1954.

The defendants in the aforementioned action were the owners engaged in the operation of numerous motion picture houses, located in various parts of the United States. By the provisions of the Judgment, as amended, the Schine defendants and the Schine Circuit, their officers, agents, servants and employees were enjoined from entering into any conspiracy or combination with each other or with any other person which had the purpose or effect of maintaining theatre monopolies and, among other things, dissolving certain existing pooling arrangements in certain locations; directing the sale of certain theatres, and limiting the acquisition of other theatres.

The petition herein alleges that Howard M. Antevil, Donald G. Schine, Elmer Lux, Hildemart Corporation, Darnell Theatres, Inc., and Elmart Theatres, Inc., with knowledge of the provisions of such Consent Judgment, conspired with the other respondents and assisted them in the violation of certain of its provisions.

It sets forth the names and offices held by J. Myer Schine, Louis W. Schine and John A. May in certain corporations named as defendants in the original action; that respondent Antevil had been an employee or officer of the respondent Schine Chain Theatres, Inc., Hildemart Corporation and Elmart Theatres, Inc., and Darnell Theatres, Inc.; that Donald G. Schine, son of defendant Louis W. Schine, served as president of Darnell Theatres, Inc., and Elmart Theatres, Inc., and as an employee of respondent Schine Chain Theatres, Inc.; that Schine Chain Theatres, Inc., owned all of the capital stock issued by Schine Theatrical Co., Inc., Schine Lexington Corporation, Schine Enterprises Corporation, Schine Circuit, Inc., and Chesapeake Theatres, Inc.; that Hildemart Corporation, from about July 1, 1952, owned all of the capital stock issued by Elmart Theatres, Inc.; that Elmart Theatres, Inc., or-

John O. Henderson, U. S. Atty., Buffalo, N. Y., Herbert Brownell, Jr., Atty. Gen. of U. S., Stanley N. Barnes, Asst. Atty. Gen., Joseph E. McDowell, Trial Atty., Washington, D. C., Lewis Bernstein, Herbert F. Peters, of counsel, William D. Kilgore, Jr., Acting Chief, Judgments and Judgment Enforcement Section, Washington, D. C., for petitioner.

Raichle, Tucker and Moore, Buffalo, N. Y., Frank G. Raichle, Buffalo, N. Y., James O. Moore, Jr., Buffalo, N. Y., of counsel, for Howard M. Antevil.

William B. Mahoney, Buffalo, N. Y., for Elmer Lux.

KNIGHT, Chief Judge.

This proceeding arises out of an action commenced in August, 1939. On June 24, 1949, following the trial of that action, a final Judgment was entered by consent.

self. [Citing authority.] We can only liberally construe that which he has attempted to do in his own behalf, but for some reason has failed to accomplish the desired or intended result. This is a fundamental rule of equitable jurisprudence which guides and directs equitable proceedings." Bradley v. United States, fn. 5, supra, 143 F.2d at pages 576, 577.

ganized under the name of Schine Jefferson Corporation, was changed to Elmart; that Darnell Theatres, Inc., was a Delaware corporation and maintained its principal offices at Gloversville; that the acts alleged to have been done by each corporate respondent were authorized, ordered or done by the officers of such corporations.

The petition sets forth that respondents disobeyed the final Judgment; that Schine Circuit, Schine Bros., and John A. May, in violation of the Judgment, have continued with the purpose to maintain Schine's theatre monopolies and prevent other theatres and exhibitors from competing with them; that the respondents Antevil, Donald G. Schine, Elmer Lux, Hildemart, Darnell, and Elmart, knowing the provisions of the Judgment, joined such conspiracy; and that respondents Hildemart, Elmart and Darnell obtained control of certain theatres in which Schine Circuit was not pemitted to retain any interest; that Schine Circuit continued the operation of a pooling arrangement in Fostoria, Ohio, by substituting Darnell and subsequently Elmart for Schine Circuit in the ownership of the Civic and Roxy theatres; that in the performance of a pooling arrangement, such theatres were and are operated as a unit with the State Theatre owned by another exhibitor; that Darnell acquired theatres which Schine Chain was prohibited from acquiring; that they continued until about July, 1952, to perform through the respondent Darnell, and later continued to perform through respondent Elmart a pooling agreement whereby two theatres in Fostoria, Ohio, normally competitors, operated as a unit and profits were divided according to prearranged percentages; that Schine Circuit and Schine Bros., from its date until July, 1952, violated the final Judgment in that Darnell, acting for Schine Circuit and Schine Bros., did buy and book films for certain theatres designated in which neither Schine Circuit nor the Schine Bros. owned financial interest; that Elmart acting for Schine Circuit and Schine Bros. bought and booked films for certain theatres in Kentucky; and finally that Schine Circuit and Schine Bros., through Darnell, violated the Judgment by acquiring a financial and operating interest in the Pontiac (Ogdensburg, N. Y.) and the Capitol (Oswego, N. Y.) theatres without showing that such acquisition would not unreasonably restrain competition.

The respondents Antevil, Donald G. Schine, and Lux move to vacate the Order to Show Cause and to dismiss the Petition on the grounds that the Petition fails to state "essential facts" constituting the criminal contempt charged and that these proceedings have been instituted without a showing of probable cause.

No motion in respect to this Order to Show Cause has been made by either Hildemart Theatres, Inc., Darnell Theatres, Inc., or Elmart Theatres, Inc.

■ The two types of contempt proceedings have been classified and defined as follows: A proceeding for civil contempt has as its object remedial punishment "by way of a coercive imprisonment, or a compensatory fine, payable to the complainant." Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 448, 31 S.Ct. 492, 501, 55 L.Ed. 797; Oriel v. Russell, 278 U.S. 358, 364, 365, 49 S.Ct. 173, 73 L.Ed. 419. "A proceeding for criminal contempt seeks punishment to vindicate the authority of the court." City of Campbell, Mo. v. Arkansas-Missouri Power Co., 8 Cir., 65 F.2d 425, 427; In re Nevitt, 8 Cir., 117 F. 448, 458.

■■ We are here concerned with a criminal contempt charge. This must be brought upon notice. Rule 42(b) of the Federal Rules of Criminal Procedure, 18 U.S.C., provides, in part:

"The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such."

The significant words here are "essential facts". It seems that the foregoing sufficiently meets the requirements of such rule as respects showing the "essential facts".

The proceedings herein are brought under the provisions of 18 U.S.C. § 401 titled "Crimes and Criminal Procedure". This section provides that the Court shall punish by fine or imprisonment for "(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

■ The proceeding to punish for criminal contempt is a criminal proceeding, and respondents are entitled to the same benefits as those accused of crime. This is an information or indictment. Gompers v. United States, 233 U.S. 604, 610, 34 S.Ct. 693, 58 L.Ed. 1115; Michaelson v. United States ex rel. Chicago, St. P., M. & O. R. Co., 266 U.S. 42, 45 S.Ct. 18, 69 L.Ed. 162; Woodside v. United States, 4 Cir., 60 F.2d 823; Sona v. Aluminum Castings Co., 6 Cir., 214 F. 936.

■ The Petition is to be judged by the same standards as for an indictment for a criminal charge. United States v. Jones, D.C., 108 F.Supp. 266.

The "essential facts" constituting the criminal contempt here charged are "disobedience" and "resistance" to the lawful order of the Court; (2) participation in such disobedience and resistance; (3) knowledge of the order.

It is to be noted that in this proceeding the respondents have demanded a Bill of Particulars for a statement of the substantial terms of the conspiracy and the means employed, the parties participating, and the acts of Hildemart, Darnell, and Elmart which are claimed to constitute a joining. The government in response to the demand for a Bill of Particulars has submitted answers stating in much detail the activities of Antevil, Lux, Donald G. Schine, Hildemart Corp., Darnell, Inc., Elmart, Inc., in connection with the Schine respondents.

Counsel have submitted numerous briefs with many citations which have been examined. Independent research has broadened the scope adding greater detail. Only a few of the outstanding opinions will be noted as they relate to certain phases of the petition for criminal contempt.

There is no disagreement that the allegations of a petition for criminal contempt should correspond in its requirements to an indictment. United States v. Tarpon Springs Sponge Exchange, 5 Cir., 142 F.2d 125, whose indictment as a whole is an artificial and overstuffed document, was held to be sufficient but is not recommended as a pattern to be followed. The opinions in Gompers v. United States, 233 U.S. 604, 34 S.Ct. 693, 58 L.Ed. 1115; Michaelson v. United States, 266 U.S. 42, 45 S.Ct. 18, 69 L.Ed. 162; Anargyros v. Anargyros & Co., 9 Cir., 191 F. 208; Woodside v. United States, 4 Cir., 60 F.2d 823; Sona v. Aluminum Castings Co., 6 Cir., 214 F. 936; United States v. Johnson, D.C., 53 F.Supp. 167; United States v. Waltham Watch Co., D.C., 47 F.Supp. 524; Bowles v. Bullock, D.C., 5 F.R.D. 147; Mercer v. United States, 3 Cir., 61 F.2d 97; United States ex rel. Bowles v. Seidmon, 7 Cir., 154 F.2d 228, among others have been examined.

■ The captioned respondents Hildemart, Elmart, Darnell, Donald G. Schine, Antevil and Lux were not before the Court at the time the final Judgment was rendered and contend they cannot be brought under its provisions. With such contention I cannot agree. The Court of Appeals, Second Circuit, held in J. J. Theatres v. Twentieth Century-Fox Film Corp., 2 Cir., 212 F.2d 840, in a somewhat similar situation that they would be added as co-conspirators rather than as defendants. And see Regal Knitwear Co. v. National Labor Relations Board, 324 U.S. 9, 65 S.Ct. 478, 89 L.Ed. 661.

On the oral arguments made on the 25th day of May, 1954, respondents' counsel urged two cases, Federal Trade Commission v. A. McLean & Sons, 7 Cir., 94 F.2d 802, and Bowles v. Camillaci, D.C., 53 F.Supp. 976, as authorities for the dismissal of the civil contempt. Those cases together with McCann v. New York Stock Exchange, 2 Cir., 80 F.2d 211,

fortify the government's contention against this motion to dismiss the criminal contempt. And see Locke v. United States, 5 Cir., 75 F.2d 157; Trickett v. Kaw Valley Drainage Dist., 8 Cir., 25 F.2d 851; Kreplik v. Couch Patents Co., 1 Cir., 190 F. 565; Brougham v. Oceanic Steam Navigation Co., 2 Cir., 205 F. 857; United States v. United Mine Workers, 330 U.S. 258, 293, 67 S.Ct. 677, 91 L.Ed. 884; United States v. Goldman, 277 U.S. 229, 48 S.Ct. 486, 72 L.Ed. 862; Bough v. Lee, D.C., 29 F.Supp. 498, 501.

Motion for dismissal of the criminal contempt is denied.