**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David Eugene DUNCAN, Defendant-Appellant.**

**No. 73–1855.**

United States Court of Appeals, Tenth Circuit.

Oct. 3, 1974.

Charles A. Beck, Denver, Colo., for defendant-appellant.

James L. Treece, U. S. Atty., and John W. Madden III, Asst. U. S. Atty., for plaintiff-appellee.

Before SETH, and HOLLOWAY, Circuit Judges, and TALBOT SMITH, Senior District Judge[*].

PER CURIAM.

Defendant David Eugene Duncan appeals his conviction after a trial by jury of contempt of court. The prosecution was initiated May 4, 1973 by an indict-

[*] TALBOT SMITH, United States Senior District Judge, Eastern District of Michigan, sitting by designation.

ment which charged, in three counts, that Duncan had willfully disobeyed an injunction entered November 19, 1971 by the District Court for the District of Colorado in an action brought against him by the Securities and Exchange Commission, and that he was thus subject to punishment for contempt of court as provided in 18 U.S.C. § 401.[1] Specifically, the indictment alleged that between January 1, 1972 and February 18, 1972, in violation of the injunction, he used the mails and the means of communication in interstate commerce to offer to sell and/or to sell unregistered securities to three named individuals.

 The defendant contends the action should have been brought under 18 U.S.C. § 402[2] and, therefore, should have been dismissed under the one year statute of limitations applicable to that section.[3] Section 402, however, is plainly inapplicable to the facts before us, it providing in part:

> This section shall not be construed to relate to contempts * * * committed in disobedience of any lawful writ, process, order, rule, decree, or command entered in any suit or action brought or prosecuted in the name of, or on behalf of, the United States, but the same, and all other cases of contempt not specifically embraced in

this section may be punished in conformity to the prevailing usages at law.

Clearly, the injunction obtained by the Securities and Exchange Commission was entered in an action brought "on behalf of" the United States, and the action thus was not cognizable under § 402. Frank v. United States, 395 U.S. 147, 149 n. 1, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969).

 The trial court refused to admit a document offered by defendant which allegedly contained exculpatory material. The defendant urges that because its author was unavailable and had no motive for fabrication, the document should have been admitted despite its hearsay nature. The record reveals that it was excluded, however, not because it was hearsay, but because it could not be authenticated, the defendant's witness being unable to identify the handwriting as that of its purported author. We find no error in the exclusion of this document.

Finally, the defendant argues that the evidence was insufficient to support the Verdict. To the contrary, our examination of the record reveals ample evidence to sustain the conviction.

The judgment is affirmed.

---

1. 18 U.S.C. § 401 provides in pertinent part:
 A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—
 * * * * *
 Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

2. 18 U.S.C. § 402 provides in part:
 Any person * * * willfully disobeying any lawful writ, process, order, rule, decree or command of any district court

 of the United States * * * by doing any act or thing therein, or thereby forbidden, if the act or thing so done be of such character as to constitute also a criminal offense under any statute of the United States * * * shall be prosecuted for such contempt as provided in section 3691 of this title [granting right to trial by jury] and shall be punished by fine or imprisonment, or both.

3. 18 U.S.C. § 3285; see United States v. Goldman, 277 U.S. 229, 48 S.Ct. 486, 72 L.Ed. 862 (1928).