**Roy Lee LOVE, Petitioner,**

v.

**Fred ALLENBRAND, Johnson County Sheriff, et al., Respondent.**

**No. 81–3143.**

United States District Court, D. Kansas.

Jan. 26, 1982.

David R. Gilman, Gilman & Associates, Overland Park, Kan., for petitioner.

Bate R. Hamilton, Asst. Dist. Atty., Johnson County, Olathe, Kan., for respondent.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

Having examined all pleadings and attachments, together with the parties' "stipulation of fact," as well as copies of the pertinent informations, briefs and opinions filed in the state courts, this Court finds the facts in this federal habeas corpus action to be as follows:

1. Petitioner was arrested on April 18, 1979, and charged with aggravated armed robbery. After trial to a jury commencing on September 24, 1979, he was convicted, and on December 4, 1979, was sentenced to a seven-year minimum and a twenty-year maximum term of imprisonment. After petitioner's post-trial motions were denied, he appealed to the Kansas Supreme Court on December 26, 1979, and the appeal was docketed.

2. At approximately this time, the Kansas Supreme Court issued an opinion in a similar case which clearly indicated that the Information upon which petitioner had been tried and convicted was fatally defective under Kansas law. The Information against petitioner had been drafted from a form in the *1976 Prosecutor's Desk Manual* (published by the Kansas County and District Attorneys Association), which erroneously omitted the element "by force or threat of bodily harm" necessary to charge the crime of aggravated robbery under K.S.A. 21–3426 and –3427. An identical Information was found by the Kansas Supreme Court to fail to charge a crime so that the trial court lacked jurisdiction. *State v. Howell & Taylor,* 226 Kan. 511, 601 P.2d 1141 (1979). Thus, it is apparent that petitioner's conviction upon the defective Information was void under Kansas law and could have been attacked and overturned at any time.

On February 20, 1980, the State of Kansas moved the trial court to arrest judgment pursuant to K.S.A. 22–3503 based upon the Kansas Supreme Court's ruling in *State v. Howell & Taylor, supra.* The trial court conducted a hearing on March 6, 1980, sustained the motion and set aside the judgment and sentence as void.

3. The State then filed a new Information containing the necessary element. The appeal of the conviction and sentence was dismissed. Petitioner unsuccessfully moved

the trial court for a dismissal on the basis of former jeopardy. Petitioner then filed an application for state habeas corpus relief. Hearings were conducted at the state district court level, the petition was granted and discharge of petitioner was ordered. However, the Kansas Court of Appeals reversed the district court, and petitioner's application for review to the Kansas Supreme Court was denied.

4. Petitioner is currently incarcerated in the Johnson County Jail pending trial on the new Information charging aggravated robbery on April 18, 1979, for the same acts that resulted in his prior trial, conviction and sentence.

5. State judicial remedies have been fully exhausted.

Petitioner contends that he is entitled to federal habeas corpus relief because, under the circumstances of this case, retrial is barred by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution as made applicable to the states by the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

■■■ The Fifth Amendment commands that no "person [shall] be subject for the same offense to be twice put in jeopardy of life or limb." This constitutional pronouncement unequivocally prohibits a second trial of a defendant for the same offense following a judgment of acquittal, even if the legal rulings underlying the acquittal were egregiously erroneous. *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978); *Arizona v. Washington*, 434 U.S. 497, 503, 98 S.Ct. 824, 829, 54 L.Ed.2d 717 (1978); *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977); *Benton v. Maryland, supra; Fong Foo v. United States*, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962). However, in limited circumstances a second trial on the same offense is constitutionally permissible. *Sanabria v. United States*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978). For example, a new trial is permissible where the defendant successfully appeals his conviction [*United States*

*v. Ball*, 163 U.S. 662, 672, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896)]; where the defendant requests a mistrial in the absence of prosecutorial or judicial overreaching [*United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976)]; where an Indictment is dismissed at the defendant's request in circumstances functionally equivalent to a mistrial [*Lee v. United States*, 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977)]; or where a mistrial is declared for a "manifest necessity" [*Wade v. Hunter*, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949)].

The issue in this case, as posed and ruled adversely upon by the state appellate court, is "whether the petitioner had been placed in jeopardy by his first trial for aggravated robbery which resulted in a conviction that was ultimately set aside and the case dismissed on the State's motion for arrest of judgment." The issue upon this Court's review is whether the circumstances of this case are within or excepted from the prohibition of the double jeopardy clause under federal legal principles.

The facile resolution to this matter would be to rely upon the only legal authority discovered in regard to the double jeopardy ramifications of an arrest of judgment. This authority stands for the proposition that such a judgment results in the defendant never having been placed in jeopardy:

"The granting of a motion in arrest of judgment does not operate as an acquittal but only places the defendant in the same situation in which he was before the prosecution was begun. The defendant has not been in jeopardy, and the state is free to proceed against the defendant, if it so desires, upon a new and sufficient indictment."

21 Am.Jur.2d Criminal Law, § 524 (1965); *see also Shoener v. Pennsylvania*, 207 U.S. 188, 195–196, 28 S.Ct. 110, 112–13, 52 L.Ed. 163 (1907); *Callahan v. United States*, 35 F.2d 633 (10th Cir. 1929). Petitioner presents no contrary authority.

■■■ This Court further finds that no double jeopardy bar applies when the arrest

of judgment entered in this case is analyzed as functionally equivalent to a mistrial which was declared for manifest necessity. This conclusion is reached by observing circumstances, found to be significant by the United States Supreme Court in determining double jeopardy questions, which are not present in the instant case.

First, the judgment entered against petitioner was not one of acquittal. Nor were proceedings in the trial court terminated in his favor, as was found to be of "critical importance" in *Lee v. United States, supra. See also, United States v. Ball, supra.*

Second, the arrest of judgment in this case was not predicated on the theory that petitioner could never be prosecuted for or convicted of aggravated armed robbery. To the contrary, the only obstacle to a standing conviction was the fact that the Information had been improperly drawn. This error "like any prosecutorial or judicial error that necessitates a mistrial, was one that could be avoided—absent any double jeopardy bar—by beginning anew the prosecution of the defendant." *Lee v. United States, supra*, 432 U.S. at 30, 97 S.Ct. at 2145. The trial court's order of arrest of judgment did not contemplate an end to all prosecution of the defendant for the offense charged. Instead, it is manifestly clear that the order was in contemplation of a second prosecution. This was also found to be critical in *Lee v. United States, supra*, at 30–31, 97 S.Ct. at 2145–46.

Third, there is no evidence here of any prosecutorial or judicial overreaching in petitioner's trial, even though the arrest of judgment was necessitated by prosecutorial error. *See United States v. Jorn*, 400 U.S. 470, 485, 91 S.Ct. 547, 557, 27 L.Ed.2d 543 (1971); *United States v. Dinitz, supra*, 424 U.S. at 606–607, 96 S.Ct. at 1078–79; *Cherry v. Director, State Board of Corrections*, 635 F.2d 414 (5th Cir. 1981). Petitioner did not object to entry of the arrest of judgment. Furthermore, the judge's action was a "rational determination designed to implement a legitimate state policy, with no suggestion that the policy was manipulated to [petitioner's] prejudice." *Illinois v. Som-*

*erville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). Even though it was possible to reach a verdict, it would eventually had to have been reversed due to the obvious procedural error. *Id.* at 464, 93 S.Ct. at 1070. *See also, United States v. Sisk*, 629 F.2d 1174 (6th Cir. 1980). Thus, the trial judge reasonably concluded that the "ends of public justice" would be defeated by allowing petitioner to remain confined under authority of a void conviction. *Illinois v. Somerville, supra.* There is no evidence of governmental oppression or harassment of the sort against which the double jeopardy clause was intended to protect.

The only factor in petitioner's case which might distinguish it from the cited authorities is that the dismissal of the criminal action was in the form of an arrest of judgment entered subsequent to his conviction and sentence. To hold that retrial is barred here simply on the basis of this factor would clearly be to exalt form over substance. And in determining the double jeopardy consequences of a ruling terminating prosecution, form is not to be exalted over substance. *Serfass v. United States*, 420 U.S. 377, 392–393, 95 S.Ct. 1055, 1064–65, 43 L.Ed.2d 265 (1975); *United States v. Jorn, supra*, 400 U.S. at 478, n.7, 91 S.Ct. at 553, n.7; *United States v. Goldman*, 277 U.S. 229, 236, 48 S.Ct. 486, 488, 72 L.Ed. 862 (1928). The Court concludes that, in all its substantive respects, this case is of the genre where retrial is permissible. In summary, this Court finds that double jeopardy is not a bar to a second criminal prosecution based upon the same criminal act which resulted in a previous conviction when the judgment entered on the previous conviction has been arrested because the trial court lacked jurisdiction due to a negligent defect in the Information.

For the foregoing reasons, this Court holds that the double jeopardy clause does not bar retrial of petitioner under an Information alleging the requisite intent.

IT IS BY THE COURT THEREFORE ORDERED that this action be dismissed and all relief denied; and that the Clerk of

this Court transmit copies of this Memorandum and Order to petitioner, to counsel for petitioner, and to the Attorney General for the State of Kansas.