**BOWLES, Price Administrator; v. BULLOCK.**

Civil Action No. 418.

District Court, D. Delaware.

Sept. 26, 1945.

As Amended Sept. 27, 1945.

Charles E. McMahon, of New York City, for Office of Price Administration.

William H. Bennethum, of Wilmington, Del. (of Marvel & Morford, of Wilmington, Del.), for defendant.

LEAHY, District Judge.

On May 26, 1944, a consent decree was entered whereby defendant was enjoined from further violations of Section 2(a)(2) of the Second War Powers Act, 50 U.S. C.A.Appendix § 633, and Ration Order No. 16, issued pursuant thereto. Plaintiff now files a petition asking that defendant be held in contempt because defendant has violated the injunctive provisions of the decree. Paragraph 1 alleges generally that

148

defendant has failed to give up points equal in value to foods covered by Ration Order No. 16, which he has sold as a primary distributor. Paragraph 3 alleges that plaintiff, as a primary distributor of meat, has failed to file Form OPA R–1609 for any reporting period since the entry of the injunction. Paragraph 2 is more precise. It alleges (a) "The said defendant transferred to Mrs. Zorina Carey, trading as Carey's Lunch, Dover, Delaware, foods covered by Ration Order 16 to a value of 11,873 points without obtaining in exchange for said food items ration evidence as required by said Ration Order 16"; and (b) "The said defendant transferred to Nellie Murray, trading as Capital Diner, Dover, Delaware, foods covered by Ration Order 16 to a value of 3,150 points without obtaining in exchange for said food items ration evidence as required by said Ration Order 16."

Defendant moves for a bill of particulars as to Paragraphs 1 and 3. Plaintiff argues that bills of particulars are not favored and, in any event, the details which defendant seeks are peculiarly within the exclusive knowledge of defendant.

 This proceeding for contempt is similar to that which was presented in Bowles v. Camillaci, D.C., 53 F.Supp. 976. If the allegations of the petition are to be sustained, a criminal and not a civil contempt is presented. In such case, the moving papers must have the same specificity as an indictment or an information. While the function of a bill of particulars in a civil matter is merely to afford a party an opportunity to prepare a responsive pleading (Best Foods v. General Mills, D.C.Del., 3 F.R.D. 275), in a criminal action a bill of particulars performs a different function. It is utilized to afford a party an opportunity to be apprised of the particular crime upon which he stands charged.

Here, the allegations are sufficient except for Paragraph 1; defendant should have particulars about Paragraph 1 in order that he may be informed of his alleged contemptuous conduct. Having concluded this matter raises a question of criminal contempt,* it is ordered:

1. That Charles E. McMahon be and

he hereby is appointed as attorney on behalf of the court to prosecute this action of criminal contempt; and

2. That plaintiff shall have within twenty days from the date hereof to furnish the particulars requested as to Paragraph 1; or

3. That plaintiff may proceed with the contempt proceedings on the basis of Paragraphs 2 A and B and 3 alone.

---

* The contempt here is prosecuted upon the court's own motion by its designated attorney. The matter could have been referred to the United States Attorney, as was done in Walling v. Crane, D.C., 64 F. Supp. 88. The alleged criminal violation has been, however, referred to the United States Attorney for independent investigation.