In the Matter of The **UNITED CORPORATION**.

Civ. A. No. 1650.

United States District Court
D. Delaware.

Aug. 22, 1958.

See also 128 F.Supp. 725.

Randolph Phillips, petitioner, pro se.

Thomas G. Meeker, Gen. Counsel, David Ferber and Irving M. Pollack, Asst. Gen. Counsel, S.E.C., Washington, D. C., for Securities and Exchange Commission.

CALEB M. WRIGHT, Chief Judge.

This matter arises from an order signed by this court on December 30, 1957 entered primarily to secure the prompt payment of fees and expenses to Randolph Phillips and his attorney, Joseph B. Hyman.

Briefly the facts are as follows: Randolph Phillips had appeared before the Securities and Exchange Commission as a stockholder and as attorney-in-fact for other stockholders in connection with the reorganization of The United Corporation pursuant to Section 11(e) of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79k(e). Eventually, an acceptable plan of reorganization was

approved and Phillips requested a fee of $249,120 and expenses of $50,340. His attorney, Hyman, requested a fee of $36,000.

After extended hearings, the Securities and Exchange Commission issued its findings, opinion and order in which it rejected the claims of Phillips and Hyman, but authorized the payment to Phillips of $50,000 as combined fees and expenses, and to Hyman a fee of $7,000.

On October 31, 1956 this court, pursuant to the Commission's application, entered an order approving and enforcing the determination of the Commission. On appeal, the Commission's findings were held not to be supported by substantial evidence and not made in accordance with applicable legal standards and that the District Court erred in affirming. Matter of United Corporation, 3 Cir., 1957, 249 F.2d 168.

The Circuit Court of Appeals awarded Phillips the sum of $50,000 as compensation and $26,925 as reimbursable expenses, and Hyman $12,000 for his services. The matter was remanded to this court with direction to proceed in accordance with the opinion of the Court of Appeals.

A short time prior to December 30, 1957 Phillips informed this court that it would be advantageous to him, taxwise, if the award of the Court of Appeals could be paid prior to January 1, 1958. On December 30, 1957 this court entered an order, prepared and submitted by Phillips with the approval of the Commission and The United Corporation, voiding the October 31, 1956 decree respecting those portions applicable to Phillips and Hyman, and directing the payment to them of the amounts fixed by the Court of Appeals. In addition, the order decreed that the findings of fact and conclusions of law set forth by the Commission pertaining to Phillips and Hyman be annulled and voided. The matter was remanded to the Commission for the purpose of modifying its findings, opinion and order. Immediately upon the entry of the order by this court Phillips and Hyman were paid by The United Corporation the full balance due them pursuant to the award of the Court of Appeals and this court's mandate.

Thereafter, Phillips attempted to secure his election to the board of directors of the Pennsylvania Railroad Company and became involved in a proxy contest with the management. On May 2, 1958 the president of the Railroad in a supplementary proxy soliciting letter, setting forth management's opposition to Phillips, quoted from the Commission's opinion relating to fees in The United reorganization case which consisted of a portion of the Commission's reasons for awarding compensation to Phillips substantially less than he requested. The letter also related the subsequent action of the Court of Appeals in increasing the award to Phillips. The proxy letter was sent with the knowledge of the Commission, since pursuant to the proxy rules adopted by the Commission, the proxy soliciting material issued by both Phillips and management was filed with the Commission both in preliminary and definitive form.

On May 6, 1958 after mailing of the proxy soliciting letter by the company, Phillips telegraphed the Commission demanding that it enter an order conforming to the remand of this court and also demanding that the Commission move "to enjoin proxies received" pursuant to the management's letter. The Commission entered an order on May 7, 1958 the day after receipt of the telegram, but took no further action as demanded by Phillips. On May 19, 1958 Phillips filed a petition praying that this court find the members of the Securities and Exchange Commission guilty of both civil and criminal contempt. A rule to show cause was issued to the Commission, and Edward N. Gadsby, Andrew Downey Orrick, Harold C. Patterson, Earl F. Hastings and James C. Sargent, members thereof. Subsequently, on May 28, 1958 the respondents filed a petition to vacate and dissolve the rule and to dismiss the contempt petition.

The purpose of civil contempt proceedings is essentially remedial. It is

brought to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance. See McComb v. Jacksonville Paper Co., 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599. Criminal contempt on the other hand, is instituted to preserve the power and vindicate the dignity of the court and to punish for disobedience to its orders. 48 Mich.Law Rev. 860 (1950); Duell v. Duell, 1949, 85 U.S. App.D.C. 78, 178 F.2d 683, 14 A.L.R.2d 560.

The petition of Phillips sets forth the failure of the Commission to enter a supplemental order modifying its findings of facts, opinion and order, but the factual basis for the contempt alleged in the petition is conduct of the Commission which concerns his proxy flight with the management of the Pennsylvania Railroad and the action or nonaction of the Commission in permitting the publication of a proxy soliciting letter.

Phillips' proxy fight and the conduct of the Commission and/or management of the Railroad in connection therewith was a matter independent of The United Corporation reorganization proceedings in the course of which the mandate of this court issued. If Phillips suffered damage by reason of any act of the Commission, either in failing to restrain or enjoin the Pennsylvania Railroad Company from publishing an improper proxy soliciting letter, or in assisting management of the Railroad in obtaining from their files certain statements derogatory to Phillips, they are matters not before the court and irrelevant to the issue now pending. The mandate did not direct the Commission to expunge from the records any statements or opinions it previously had made in connection with The United Corporation reorganization, nor to secrete any portion of its files or records relating to that proceeding.[1] What the Commission did, as disclosed in the Phillips petition, is entirely an administrative matter governed by the rules, regulations and policy of the Commission, not acts prevented by order of this court.

The supplemental order having been entered prior to the filing of this petition and no damage to Phillips alleged, based upon facts having any causal relation to noncompliance by the Commission with this court's order entered in connection with an independent proceeding, there is no basis for civil contempt.

The question remains whether the petition and the allegations contained therein warrant a prosecution of the respondents for criminal contempt. Criminal contempt is punitive in nature subjecting contemnors to fine or imprisonment. This broad discretionary power vested in the court should be exercised with extreme caution.

Rule 42(b) of the Federal Rules of Criminal Procedure, 18 U.S.C., provides that such proceeding shall be on notice and upon application of the United States Attorney or by an attorney appointed by the Court. The rule also states that the essential facts constituting the criminal contempt charged shall be clearly stated. Excluding the facts relating to the publication of the statements made in the proxy soliciting letter of the Railroad, a matter this court deems completely irrelevant to the issue of contempt, the Phillips petition sets forth only that an order modifying the previous determination of the Commission had not been promptly entered and that the failure to do so was willful.

The contempt application is by Randolph Phillips an individual. I deem that I am in proper exercise of my judicial discretion if before entertaining an application for the appointment of an attorney to prosecute a criminal contempt in behalf of this court, necessitated by the rule and the present posture of this case, I insist upon a showing of probable cause.

---

1. It is important to note the Commission's opinion and order were reported in S.E.C. Holding Co. Act Release No. 13194 on June 28, 1956 and were matters of public knowledge almost two years prior to the filing of Phillips' petition.

An affidavit was filed with the respondent's petition to vacate and dissolve the rule to show cause and dismiss the contempt petition by Ellwood L. Englander, an attorney employed as special counsel in the office of the general counsel of the Securities and Exchange Commission. The affiant was one of the attorneys who appeared before the court in behalf of the Commission at the time the court's order of December 30, 1957 was signed. The affidavit states,

"Affiant failed to notice that this order included a provision remanding the matter to the Commission for a further order, since it never occurred to affiant that any further action was required in view of the fact that Phillips had already been paid. Affiant, therefore did not call to the attention of the Commission the provision with respect to the remand, but merely sent to the files a copy of the proposed order which had been received prior to the hearing. * * * "

The essential purpose of the order was to assure the payment of the fees and disbursements allowed Phillips by the Circuit Court of Appeals. The fees were promptly paid in response to this court's mandate.

The supplemental order of the Commission modifying its findings of fact, opinion and order had no operative effect. In essence it was a ministerial act, a memorialization required merely to complete the record. Further, an examination of the Phillips petition and the facts stated therein clearly demonstrate the purpose in filing the petition was not to vindicate the authority of this court, but to redress the wrongs Phillips had allegedly suffered at the hands of the Commission and the management of the Pennsylvania Railroad in a proxy fight while attempting to be elected a director of the Railroad Company.

Against this background the court is unable to discern a showing of probable cause. See Bowles v. Bullock, D.C.Del. 1945, 5 F.R.D. 147; McCann v. New York Stock Exchange, 2 Cir., 1935, 80 F.2d 211. Accordingly, the application for the appointment of an attorney to prosecute the respondents for criminal contempt is denied, and the motion to vacate and dissolve the rule to show cause and to dismiss the contempt petition is granted.

An order in conformity herewith may be submitted.